EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
---------------------------------------------------------------x   Index No.: 23329/06
PETER GRAF and NANCY KUNAK,

                        Plaintiffs,

     - against -

PAOLA B. COLON,

                        Defendant.
---------------------------------------------------------------x

**AFFIDAVIT OF SHERA L. HALICZER IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

RECEIVED
APR 11 2007
CHIEF CLERK
WESTCHESTER SUPREME
AND COUNTY COURTS

STATE OF NEW YORK  )
                            ) ss:
COUNTY OF NEW YORK  )

     SHERA L. HALICZER, being first duly sworn and upon oath, states as follows:

     1.  I am the Director of Human Resources for Family Office Group, LLC ("FOG") and Graf Repetti & Co., LLP ("GRC") since July 10, 2006, and am fully familiar with the allegations set forth in Plaintiff's Amended Complaint. This affidavit is respectfully submitted in opposition to Defendant's motion to dismiss.

     2.  FOG maintains its principal place of business at 1114 Avenue of the Americas, New York, NY 10036, and provides advisory, management, and bookkeeping services to high net worth clientele.

     3  GRC is a general public accounting firm which also maintains its offices at 1114 Avenue of the Americas, New York, NY 10036.

     4.  On or about September 11, 2002, Defendant Colon began employment as a receptionist at GRC and progressed to the position of bookkeeper and executive assistant with GRC. In 2004, Defendant Colon began working exclusively for FOG as a bookkeeper/executive

1

assistant. Ms. Colon continued her employment with FOG until she was terminated on November 17, 2006

## DEFENDANT COLON'S REQUEST TO WORK FROM HOME AFTER BIRTH OF CHILD INSTEAD OF TAKING MATERNITY LEAVE

5. In 2006 when Defendant Colon learned that she was pregnant, she requested an accommodation that she be allowed to work from home part-time while she cared for her newborn infant child. Defendant Colon advised that she needed to keep earning money while caring for her newborn child and that she could not afford to take maternity leave. FOG entered into this arrangement with Defendant Colon based upon representations by Defendant Colon that it was her intention to return to FOG as a full-time employee, working at the offices of FOG in New York City.

6. Defendant Colon was allowed to keep all of her benefits as an employee of FOG during the period when she was scheduled to work part-time from home.

7. Defendant Colon requested that FOG install phone and high speed data lines which would connect Defendant Colon to the internet and provide her with computer and telephone equipment to enable her to work from home and receive pay for such work while caring for her newborn baby. FOG approved such business accommodation and had the computer and telephone equipment installed.

8. During this time period, Defendant Colon would continue to perform her normal executive bookkeeping duties for clients of FOG, but on a part-time basis. *See* Personal Action Form annexed to Defendant's Affidavit in Support, Exhibit "C".

9. Defendant Colon worked full-time at FOG until just prior to giving birth to her child, on or about September 20, 2006.

10. Shortly after leaving the hospital after giving birth to her child, Defendant Colon began working from home on or about September 26, 2006.

11. While it was only anticipated that Defendant Colon would work 20 to 25 hours per week, see Defendant's Affidavit in Support, Exhibit "C", Defendant Colon began submitting timesheets for approximately 35 hours per week. Defendant was not on maternity leave during the events referenced in the Amended Complaint and in Defendant's motion to dismiss.

### November 15, 2006 Monthly Administrative Staff Meeting

12. On November 15, 2006, I conducted our monthly administrative staff meeting attended by approximately 20 staff members of FOG and GRC, including Plaintiff Nancy Kunak ("Kunak") and Defendant Paolo Colon ("Colon"), who participated in the meeting via telephone speakerphone from her home.

13. During the course of the November 15, 2006 meeting, when I advised everyone present of the upcoming scheduled holiday party, Defendant Colon stated that Kunak "was dancing on the tables at a party." Defendant Colon made this statement while participating in the staff meeting via telephone speakerphone.

14. Defendant Colon went on to state that Plaintiff Kunak "Nancy (Kunak) flashed Peter Graf her boobs at the last holiday party." The false statements were made by Defendant Colon regarding Plaintiffs Kunak and Graf, towards the end of the November 15, 2006 meeting. The statements caused extreme embarrassment for Plaintiff Kunak, who is a very conservative and private person. Further, Defendant Colon's statement created an extremely uncomfortable situation in the meeting for the approximately 20 FOG and GRC employees in attendance, including myself. Approximately 50% of the employees present were new employees who were hired sometime in 2006, and therefore, were not present at the 2005 holiday party.

15. Defendant Colon's statements were intentional and malicious in nature and appeared to be intended to cause damage to the good reputations of both Graf and Kunak. I advised defendant Colon that Graf had requested that defendant Colon apologize to Kunak, Graf and the other staff members present at the meeting for making the false and insulting comments. Defendant Colon refused to make any apologizes.

### Defendant Colon's Scheme to Solicit and Take Away FOG Clients

16. While FOG made these business accommodations to Defendant Colon with the intention that she would return to work, it was later learned that Defendant Colon was apparently in the process of soliciting existing clients of FOG. Defendant Colon made arrangements with at least one client of FOG to become the Personal Administrative Assistant and Bookkeeper without disclosing such arrangement to FOG. In fact, Defendant Colon arranged with an existing FOG client, Francois Nars ("Nars"), to be issued a credit card in Defendant Colon's name on Nars' account. Defendant Colon was issued a credit line of $34,500, without disclosing to FOG such arrangement or even the existence of such credit card. FOG obtained knowledge of the credit card in the mail during the period when Defendant Colon was working from home and utilizing computer and telephone equipment provided by FOG. Defendant Colon had full knowledge that it was against FOG's policies for her to have use of a credit card issued on the account of any client, including but not limited to Nars.

17. In addition to the inappropriate and false comments made by Defendant Colon during the November 15, 2006 administrative staff meeting, Defendant Colon began to display various inappropriate actions and behavior to a degree that she had never exhibited during the approximately 4 years of employment with FOG prior to the arrangement whereby she was allowed to work from home.

18. FOG did not have a policy of paying severance benefits to employees who voluntarily resigned employment with FOG. Defendant Colon was aware of this policy. During the period when Defendant Colon worked from home, she used FOG's computer and telephone equipment to solicit and take away clients of FOG and engaged in unprofessional behavior with the intent to be terminated by FOG and hopefully receive severance benefits.

19. Due to a history of disciplinary issues, the severe unprofessional behavior which Defendant Colon displayed at the November 15, 2006 meeting, and her lack of remorse, her employment with FOG was terminated on November 17, 2006.

20. Defendant Colon continued her scheme to solicit and take away FOG clients after her departure from employment with FOG. Defendant Colon she made arrangements with FOG's client Nars, to withdraw as a client of FOG and become Defendant Colon's own personal client.

SHERA L. HALICZER

Sworn to before me this
5 day of April, 2007

Notary Public

My Commission Expires:

LORRAINE PASTOR
Notary Public, State of New York
No. 01PA4618273
Qualified in Queens County
Commission Expires March 30, 20__

5

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------------x   Index No : 23329/06
PETER GRAF and NANCY KUNAK,

**AFFIDAVIT OF SERVICE**

                Plaintiffs,

     - against -

PAOLA B. COLON,

              Defendant
-----------------------------------------------------------------x

STATE OF NEW YORK    )
                                 ) ss.:
COUNTY OF WESTCHESTER  )

    Michael Freudenberg, being duly sworn, deposes and says: I am not a party to this action, over 18 years of age, and reside in Westchester County, New York.

    On April 5, 2007, deponent served the within Affidavit of Shera L. Haliczer in Opposition to Defendant's Motion to Dismiss upon:

                Roy A. McKenzie, Esq.
                641 Lexington Avenue, 20th Floor
                New York, NY 10022

by depositing a true copy thereof in a post-paid wrapper, in an official depository under the care and custody of the United States Postal Service within the State of New York, and via facsimile transmission to (212) 371-6632.

                                                     _____
                                                         Michael Freudenberg

Sworn to before me this
5th day of April, 2007.

_____
SHIRLEY B. THORNTON
Notary Public, State of New York
No. 01TH6029394
Qualified in Westchester County
Commission Expires August 16, 2009