EXHIBIT "F"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
---------------------------------------------------------X
PETER GRAF, NANCY KUNAK and
FAMILY OFFICE GROUP, LLC

Plaintiffs,

- against -

PAOLA B. COLON,

Defendant.
---------------------------------------------------------X

**VERIFIED AMENDED COMPLAINT**
Index No. 23329/06



Plaintiffs, PETER GRAF, NANCY KUNAK, and FAMILY OFFICE GROUP, LLC ("FOG") complaining of the Defendant, PAOLA B. COLON, by and through their attorneys, Harrington, Ocko & Monk, LLP respectfully set forth and allege as their Amended Complaint, as follows:

### AS AND FOR A FIRST CAUSE OF ACTION BY PETER GRAF AND NANCY KUNAK

(Slander)

FIRST:   At all times hereinafter mentioned, Plaintiff, PETER GRAF, is an individual residing in the county and State of New York, a Certified Public Accountant and a principal of FOG, a limited liability company organized and existing under and by virtue of the laws of the State of New York with a principal place of business located at 1114 Avenue of the Americas, New York, New York 10036. FOG provides advisory, management, and bookkeeping services to high net worth clientele.

SECOND:   In addition to serving as a principal of FOG, PETER GRAF is also the Managing Partner of Graf Repetti & Company, LLP ("GRC"), a public accounting firm also located at 1114 Avenue of the Americas in New York City.

THIRD:   That prior to the utterance of the false and defamatory words hereinafter set forth, Plaintiff, PETER GRAF, had a good personal and professional reputation.

FOURTH:   At all times hereinafter mentioned, Plaintiff, NANCY KUNAK, is an individual residing in the Sate of New York and an at will employee of GRC for over twenty-one years.

FIFTH:   That prior to the utterance of the false and defamatory words hereinafter set forth, Plaintiff, NANCY KUNAK, had a good personal and professional reputation.

SIXTH:   At all times hereinafter mentioned, Defendant, Paola B. Colon, was an individual residing in the State of New Jersey.

SEVENTH:   That prior to and including November 17, 2006, Defendant, Paola B. Colon, was an at will employee of FOG.

EIGHTH:   That prior to November 15, 2006, Defendant, Paola B. Colon, had begun a temporary arrangement which permitted her to work remotely from her personal residence in Rahway, New Jersey.

NINTH:   That on November 15, 2006, FOG conducted a monthly administrative staff meeting attended by approximately twenty staff members of GRC and FOG, including Plaintiff, NANCY KUNAK. This staff meeting was held at 1114 Avenue of the Americas, New York, New York commencing at approximately 5:30 pm.

TENTH:   That on November 15, 2006, Defendant, Paola B. Colon, attended the monthly staff meeting via telephone speakerphone.

ELEVENTH:   That on November 15, 2006, while participating in the monthly staff meeting via telephone speakerphone, when the Director of Human Resources mentioned the

firm's upcoming scheduled holiday party, Defendant, Paola B. Colon, stated that Plaintiff, NANCY KUNAK, "was dancing on the tables at a party".

TWELFTH: That on November 15, 2006, while participating in the monthly staff meeting via telephone speakerphone, Defendant, Paola B Colon, stated about Plaintiff, NANCY KUNAK, "Nancy (Kunak) flashed Peter (Graf) her boobs at the last holiday party".

THIRTEENTH: That on November 15, 2006, while participating in the monthly staff meeting via telephone speakerphone, Defendant, Paola B. Colon, knowingly, intentionally and maliciously published the aforementioned false and defamatory statement to approximately twenty GRC and FOG employees in attendance at the monthly staff meeting, including Plaintiff, NANCY KUNAK.

FOURTEENTH: That on November 15, 2006, while participating in the monthly staff meeting via telephone speakerphone, Defendant, Paola B. Colon, published the aforementioned false and defamatory statements to approximately twenty GRC and FOG employees in attendance at the monthly staff meeting, including NANCY KUNAK, with knowledge that they were false and with the intention to cause damage to the good name and reputation of Plaintiffs, PETER GRAF and NANCY KUNAK.

FIFTEENTH: That as a result of Defendant, Paola B. Colon's false statements, plaintiff, PETER GRAF, was caused to suffer damage to his personal and business reputation.

SIXTEENTH: That as a result of Defendant, Paola B. Colon's false statements, Plaintiff, NANCY KUNAK, was caused to suffer damage to her personal and business reputation.

SEVENTEENTH: That by reason of the foregoing, Plaintiffs, PETER GRAF and NANCY KUNAK, have suffered damages in an amount that exceeds the jurisdictional limitations of all lower courts which would otherwise have had jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION
## BY PETER GRAF AND NANCY KUNAK

### (Slander Per Se)

EIGHTEENTH:    Plaintiffs, PETER GRAF and NANCY KUNAK repeat, reiterate and reallege each and every allegation contained in paragraphs "FIRST" through "SEVENTEENTH" with the same force and effect as if herein set forth at length.

NINETEENTH:    Defendant, Paola B. Colon, knowingly and maliciously uttered the aforementioned false and defamatory statements about Plaintiff, PETER GRAF, a principal of FOG and GRC during a business meeting and in the presence of approximately twenty employees of FOG and GRC, intending to cause Plaintiff, PETER GRAF, harm to his reputation in his business and profession.

TWENTIETH:    The aforementioned false and defamatory statements uttered by Defendant, Paola B. Colon, regarding Plaintiff, PETER GRAF, caused injury to the business and profession of Plaintiff, PETER GRAF.

TWENTY-FIRST:    Defendant, Paola B. Colon, knowingly and maliciously uttered the aforementioned false and defamatory statements to and about an employee of GRC, Plaintiff, NANCY KUNAK, during a business meeting and in the presence of approximately twenty employees of GRC, intending to cause Plaintiff, NANCY KUNAK, harm to her business and professional reputation as well as her reputation for chastity.

TWENTY-SECOND: The aforementioned false and defamatory statements uttered by Defendant, Paola B. Colon, regarding Plaintiff, NANCY KUNAK, caused injury to Plaintiff NANCY KUNAK's business and professional reputation and, in addition, caused injury by alleging that NANCY KUNAK engaged in unchaste behavior.

TWENTY-THIRD:  Defendant, Paola B. Colon, knowingly and maliciously uttered the aforementioned false and defamatory statements about Plaintiff, NANCY KUNAK, to damage her personal, professional and moral reputation.

TWENTY-FOURTH: The aforementioned false and defamatory statements uttered by Defendant, Paola B. Colon, regarding Plaintiff, NANCY KUNAK, caused injury to Plaintiff, NANCY KUNAK's personal, professional and moral reputation.

TWENTY-FIFTH:  That by reason of the forgoing, the Plaintiffs, PETER GRAF and NANCY KUNAK, have suffered damages in an amount that exceeds the jurisdictional limitations of all lower courts which would otherwise have had jurisdiction.

### AS AND FOR A THIRD CAUSE OF ACTION BY PETER GRAF AND NANCY KUNAK

#### (Infliction Of Emotional Distress)

TWENTY-SIXTH:  Plaintiffs, PETER GRAF and NANCY KUNAK, repeat, reiterate and reallege each and every allegation contained in paragraphs "FIRST" through "TWENTY-FIFTH" with the same force and effect as if herein set forth at length.

TWENTY-SEVENTH:  Defendant, Paola B. Colon, uttered the aforementioned false and defamatory statements about a principal, Plaintiff, PETER GRAF, and to and about an employee of FOG, Plaintiff NANCY KUNAK, in the presence of approximately twenty employees of FOG during a business meeting.

TWENTY-EIGHTH: Defendant, Paola B. Colon's, conduct exceeded the bounds of decency tolerable in a civilized society.

TWENTY-NINTH: Defendant, Paola B. Colon, intended, by uttering the aforementioned false and defamatory statements, to cause the Plaintiff, PETER GRAF, to suffer severe mental and emotional distress.

THIRTY: Defendant, Paola B. Colon, intended, by uttering the aforementioned false and defamatory statements, to cause the Plaintiff, NANCY KUNAK, to suffer severe mental and emotional distress.

THIRTY-FIRST: That as a result of Defendant, Paola B. Colon's utterance of the aforementioned false and defamatory statements, Plaintiff, PETER GRAF, suffered severe mental and emotional distress.

THIRTY-SECOND: That as a result of Defendant, Paola B. Colon's utterance of the aforementioned false and defamatory statements, Plaintiff, NANCY KUNAK, suffered severe mental and emotional distress.

THIRTY-THIRD: That by reason of the forgoing, the Plaintiffs, PETER GRAF and NANCY KUNAK, have suffered damages in an amount that exceeds the jurisdictional limitations of all lower courts which would otherwise have had jurisdiction.

### AS AND FOR A FOURTH CAUSE OF ACTION BY FAMILY OFFICE GROUP, LLC

#### (Breach Of Fiduciary Duty)

THIRTY-FOURTH: Plaintiff, FOG repeat, reiterate and reallege each and every allegation contained in paragraphs "FIRST" through "THIRTY-THIRD" with the same force and effect as if herein set forth at length.

THIRTY-FIFTH: That commencing on or about September 11, 2002, Defendant Paula B. Colon began employment in the position of receptionist and progressed to the position of bookkeeper and executive assistant with FOG. Plaintiff continued her employment until said employment was terminated by FOG on or about November 17, 2006.

THIRTY-SIXTH: That during the period of her employment, Defendant owed to FOG a fiduciary duty to act in the interests of FOG not to engage in self dealing concerning

FOG, the clients of FOG and in connection with client matters and to act only so as to further the business interests of FOG, as opposed to Defendant's own personal interests.

THIRTY-SEVENTH: That in 2006, Defendant gave birth to a child and requested permission for an indeterminate period to work from home while she cared for her infant child. While employed by FOG under this arrangement, Defendant represented that it was her intention to return to FOG as a full time employee working at the offices of FOG in New York City.

THIRTY-EIGHTH: That Defendant requested that FOG as a business accommodation install phone and high speed data lines connecting Defendant to the internet and providing Defendant with computer equipment and telephone equipment to enable Defendant to work from home and receive pay for such work while caring for Defendant's newborn baby.

THIRTY-NINTH: That at the time when Defendant made the representations to Plaintiff FOG of Defendant's purported intentions to return to work at the offices of FOG in New York City, and with the intent that FOG would rely upon such representations, in fact it was not Defendant's intention to return to work at FOG's New York City office.

FORTY: That at the time when Defendant made the aforesaid representations to Plaintiff with the intent that FOG rely upon them, in fact Defendant was planning to and was in fact soliciting one or more existing clients of FOG to become her personal bookkeeping and administrative clients, which she would service directly upon her departure from FOG.

FORTY-ONE: That in furtherance of her hidden scheme to have FOG provide her with the technological tools and the clients to set herself up in business, while still employed by FOG and working from home, Defendant made arrangements with at least one client of FOG to

become the personal administrative assistant and bookkeeper to an existing client of FOG, without disclosing this arrangement to her employer.

FORTY-SECOND: That in furtherance of her hidden scheme to solicit away clients of FOG, Defendant arranged with an existing FOG client to be issued a credit card in Defendant's name on the account of Francois Nars, a current client of FOG. This credit card was issued with a credit line of $34,500.00. With full knowledge of the possible financial ramifications and liability exposure to FOG of having discretionary charge account authority over the account of a firm client, Defendant failed to disclose this arrangement or even the existence of the credit card account to FOG. Indeed, the arrangement was only discovered when FOG received the credit card in the mail during the period when Defendant was working from home.

FORTY-THIRD: Defendant knew that it was against the firm policies of FOG for Defendant to have use of a credit card issued on the account of a client of FOG.

FORTY-FOURTH: Upon information and belief, it was never the intention of Defendant to return to full time employment with FOG. Instead, Defendant had already made arrangements with Francis Nars ("Nars"), an existing client of FOG, to serve as his personal bookkeeper and executive assistant after Plaintiff arranged her departure from FOG. These were the same bookkeeping and executive assistant services which Defendant and others at FOG provided to Nars while he was a client of FOG.

FORTY-FIFTH: Upon information and belief, Defendant in planning her departure from FOG desired to receive severance benefits from the firm. Defendant was aware however, that the firm did not have a policy of paying severance benefits to employees who voluntarily resigned their employment with the company.

8

FORTY-SIXTH:   That in furtherance of her hidden scheme to leave the firm, take clients with her and yet obtain severance benefits, Defendant began to repeatedly exhibit various unprofessional behaviors of a degree and severity as she had never exhibited during her prior four years of employment with FOG.  Defendant took such actions, culminating in the incidents described in the First and Second causes of action above, in a successful attempt to provoke FOG to terminate her employment.

FORTY-SEVENTH:   That at the time when she took these actions to provoke FOG to terminate her employment, Defendant knew that if she planned to service directly the FOG clients whom she had already solicited to become her private clients.

FORTY-EIGHTH:   That in furtherance of her hidden scheme, shortly after provoking her own termination, Defendant threatened to make various claims against FOG relating to her termination which she would only forego if she was paid severance benefits.

FORTY-NINTH:   That in furtherance of her hidden scheme, immediately after Defendant's departure from employment with FOG, she arranged for Nars, the FOG client with whom she had made the undisclosed arrangements, to withdraw as a client of FOG and to become Defendant's own personal client.

FIFTY:   That all of the aforesaid actions by Defendant were in breach of her fiduciary duty to FOG to act during the term of her employment with loyalty to FOG and not to promote her self interest over the interests of her employer.

FIFTY-ONE: That as a result of the aforesaid actions, FOG has suffered damages in an amount to be determined at trial.

9

## AS AND FOR A FIFTH CAUSE OF ACTION
## BY FAMILY OFFICE GROUP, LLC

### (Tortious Interference with Contract)

FIFTY-SECOND: FOG repeats and realleges the allegations set forth in paragraphs ONE through FIFTY-ONE above as though fully set forth herein.

FIFTY-THIRD: That FOG had a contract with Nars to provide professional accounting and bookkeeping services.

FIFTY-FOURTH: That as an employee of FOG, Defendant was knowledgeable of and charged with supporting and administering the contractual responsibility which FOG had to service the needs of this client.

FIFTY-FIFTH: That contrary to the duties which Defendant had as an employee of FOG, instead Defendant through wrongful means tortiously interfered with the contract between FOG and Nars; and Defendant solicited Nars and other clients to leave FOG and to instead become her personal client(s).

FIFTY-SIXTH: That as a result of the aforesaid actions, FOG has suffered damages in an amount to be determined at trial.

**WHEREFORE**, Plaintiffs, PETER GRAF, NANCY KUNAK, and FAMILY OFFICE GROUP, LLC demand judgment as follows:

(1) On the first cause of action, judgment in favor of Plaintiffs, PETER GRAF and NANCY KUNAK, and against Defendant in the sum of $1,000,000 in special damages;

(2) On the second cause of action, judgment in favor of Plaintiffs, PETER GRAF and NANCY KUNAK, and against Defendant in the sum of $1,000,000 compensatory and $1,000,000 in punitive damages;

(3) On the third cause of action, judgment in favor of Plaintiffs, PETER GRAF and NANCY KUNAK, and against Defendant in the sum of $1,000,000;

(4) On the third cause of action, judgment in favor of Plaintiff, PETER GRAF and NANCY KUNAK, and against Defendant in the sum of $1,000,000; together with all costs, disbursements and attorneys fees in connection with this action.

(5) On the third cause of action, judgment in favor of Plaintiff, PETER GRAF and NANCY KUNAK, and against Defendant in the sum of $1,000,000;

(6) On the fourth cause of action, judgment in favor of Plaintiff, FAMILY OFFICE GROUP, LLC, and against Defendant in the sum of $1,000,000 in special damages;

(7) On the fourth cause of action, judgment in favor of Plaintiff, FAMILY OFFICE GROUP, LLC, and against Defendant in the sum of $1,000,000.

(8) On the fifth cause of action, judgment in favor of Plaintiff, FAMILY OFFICE GROUP, LLC, and against Defendant in the sum of $1,000,000 compensatory and $1,000,000 in punitive damages;

**WHEREFORE**, Plaintiffs, PETER GRAF, NANCY KUNAK, and FAMILY OFFICE GROUP, LLC, demand relief against the Defendant.

Dated: White Plains, New York
      February 15, 2007

HARRINGTON, OCKO & MONK, LLP

By: _____
    Kevin J. Harrington
    *Attorneys for Plaintiffs*
    81 Main Street, Suite 215
    White Plains, NY 10601
    (914) 686-4800

To: Roy A. McKenzie, Esq.
*Attorneys for Defendant*
641 Lexington Avenue, 20th Floor
New York, NY 10022
(212) 832-3696

## VERIFICATION

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK   )

PETER GRAF, being duly sworn, deposes and says:

I am the first named Plaintiff in the within action and I am also the Managing Partner of the third named Plaintiff, Family Office Group, LLC. I state that I have read the Amended Complaint, know the contents thereof and know the same to be true to my knowledge, except those matters therein which were based upon information provided to me by my firms' employees, and as to those matter I believe them to be true.

_____
PETER GRAF

Sworn to before me this
16 day of February, 2007

_____
NOTARY PUBLIC

LORRAINE PASTOR
Notary Public, State of New York
No. 01PA4618273
Qualified in Queens County
Commission Expires March 30, 2011

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK         :
COUNTY OF WESTCHESTER     :

Shirley Thornton, being duly sworn, deposes and says: that deponent is not a party to the action and is over the age of 18 years and resides in Westchester County, New York. That on February 20, 2007, I served a copy of the within **Verified Amended Complaint** upon:

Roy A. McKenzie, Esq.
641 Lexington Avenue, 20th Floor
New York, NY  10022

☐ By transmitting the papers by facsimile electronic means to the facsimile number listed above, which number was designated by the attorney for such purpose. I received a signal from the equipment of the attorney served indicating that the transmission was received.

☒ By depositing a true copy thereof in a post-paid wrapper, in an official depository under the care and custody of the United States Postal Service within the State of New York as first class mail.

_____
Shirley Thornton

Sworn to before me this
20th day of February, 2007

_____
CINDY MENDOZA
Notary Public, State of New York
No. 01ME4803365
Qualified in Westchester County
Commission Expires December 31, 2010