EXHIBIT "G"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

PETER GRAF, NANCY KUNAK and
FAMILY OFFICE GROUP, LLC,

               Plaintiffs,

-against-

PAOLA B. COLON,

               Defendant.

Index No. 23329/06
**NOTICE OF MOTION**

**PLEASE TAKE NOTICE** that upon the Affidavit of Paola B. Colon sworn to on March 8, 2007, the defendant's Memorandum of Law dated March 8, 2007, and all the papers filed in this action, the defendant will move this Court at the Part of the Hon. Mary H. Smith, Justice, 111 Martin Luther King Boulevard, White Plains, New York 10601, on April 4, 2007, at 9:30 A.M. or as soon thereafter as counsel may be heard, for an order to dismiss the action pursuant to CPLR 3211 and for sanctions pursuant to 22 NYCRR 130-1.1, and for such further relief as the Court deems just.

Pursuant to CPLR 2214(b), answering affidavits must be served at least seven days before the return date of this motion.

New York, New York
March 8, 2007

Roy A. McKenzie
attorney for the Defendant
641 Lexington Avenue, 20th floor
New York, New York 10022
(212) 832-3696
(212) 371-6632-fax

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

---

PETER GRAF, NANCY KUNAK and
FAMILY OFFICE GROUP, LLC,

                Plaintiffs,

-against-

PAOLA B. COLON,

                Defendant.

Index No. 23329/06
**AFFIDAVIT IN SUPPORT**

---

PAOLA B. COLON, being duly sworn, deposes and says:

1. I am the defendant in this action, and now move to dismiss this action pursuant to CPLR 3211 for the plaintiffs' failing to join an indispensable party and failing to state a cause of action. Pursuant to 22 NYCRR 130-1.1, the plaintiffs must also be sanctioned for bringing this action to "harass or maliciously injure" me. I also seek to move the venue to New York County if the matter is not dismissed.

## I. BACKGROUND

2. The individual plaintiffs, Peter Graf and Nancy Kunak, commenced this action alleging slander, slander per se and intentional infliction of emotional distress. A copy of the Complaint is attached as Annex A.

2. I filed a motion to dismiss the action and for sanctions, demonstrating that my former employer, Graf, Repetti & Co., LLP (the "Firm"), an accounting firm with its main offices in the City of New York, County of New York, caused the plaintiffs to bring this frivolous lawsuit to pressure me, who recently gave birth, to forego my rights to time off to nurture my child under the Family and Medical Leave Act and other statutes.

3. Prior to the return date of the motion, the defendants filed an Amended Complaint, a copy of which is attached as Annex B. In the Amended Complaint, the defendants reiterated their frivolous claims, and added as a party Family Office Group, LLC ("FOG"), whose principal offices are in the City of New York, County of New York. On information and belief, FOG is a subsidiary of the Firm. For instance, my maternity leave memorandum, a copy of which is attached as Annex C, was issued both by the Firm and FOG.

4. FOG made additional frivolous claims in the Amended Complaint: that I somehow breached my fiduciary duty to FOG, and tortiously interfered with FOG contracts. I categorically deny that I ever defamed the plaintiffs, or that I breached any fiduciary duty to FOG or tortiously interfered with any FOG contracts.

5. Solely because the plaintiffs filed their frivolous Amended Complaint, I withdrew my original motion without prejudice, and now file the present motion.

## II. THIS ACTION IS A PRETEXT FOR THE FIRM TO ATTEMPT TO DEPRIVE ME OF MY MATERNAL RIGHTS

6. On November 29, 2006, the day after the plaintiffs filed this action, the Firm, which is not a party to this action, sent me a Release, a copy of which is attached as Annex D.

7. The Firm also sent me at the same time a copy of the not yet served Summons and Complaint.

8. In the Release the Firm offered me two months' "separation pay" and other benefits if I released them from, among other things, liability based on ". . . gender, . . . pregnancy, disability. . . or marital status." Release at pars. 3, 4.

9. The Release makes it plain that the Firm, and not the named plaintiffs, controls this litigation. If I signed the Release:

> [T]he Firm [sic] will arrange for this litigation [Graf v. Colon, Index No. 23329/06] to be dismissed with prejudice and the Firm [sic] will file with the Court a Stipulation of Discontinuance with Prejudice of such suit.

Release at par. 7 (emphasis added).

10. The sole purpose of the Release and this lawsuit is to pressure me, who recently gave birth, to forego my rights to time off to nurture my child under the Family and Medical Leave Act and other statutes. On October 11, 2006 and other occasions, I objected to coming into the office with my then less than one month old child. The Firm then sought to wrongfully terminate me for insisting on my maternity rights, and sought to pressure me into signing the Release to protect them from possible liability.

### III. IF THE ACTION IS NOT DISMISSED, VENUE IS PROPERLY IN THE CITY OF NEW YORK

11. Should the Court elect not to dismiss this action, venue should be moved to the City of New York, County of New York. The Firm, the real party in interest, has its principal place of business at 1114 Avenue of the Americas, New York, New York. Amended Complaint at par. 2. It was at this address that the complained of incidents occurred. Id. at par. 9. New York County thus would be the most convenient forum to gather evidence and interview witnesses. The plaintiff Peter Graf also claims to reside in the "county and State of New York". Id. at par. 1. The complaint merely mentions that the co-plaintiff Nancy Kunak resides "in the State of New York". There is no indication that moving the action to New York would inconvenience her. New York is also a more convenient forum for me, who lives in New Jersey (Amended Complaint at par. 6) and has retained New York City counsel.

WHEREFORE, I respectfully request that this action be dismissed and the plaintiffs sanctioned for bringing this frivolous lawsuit. If the action is not dismissed, I request the Court to move the venue to New York County, where most of the defendants reside and where the actions occurred.

Rahway, New Jersey

*[signature]*
Paola B. Colon

Sworn to before me this March 8, 2007

*[signature]*
Notary Public

ROY A. McKENZIE
Notary Public, State of New York
No. 02MC5027110
Qualified in New York County
Certificate Filed in New York County
Commission Expires ___ 2007

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

---

PETER GRAF and NANCY KUNAK,

                Plaintiffs,

-against-

PAOLA B. COLON,

                Defendant.

Index No. 23329/06
**NOTICE OF MOTION**

---

**Roy A. McKenzie**
attorney for the Defendants
641 Lexington Avenue, 20th floor
New York, New York 10022
(212) 832-3696
(212) 371-6632-fax

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

---

PETER GRAF, NANCY KUNAK and
FAMILY OFFICE GROUP, LLC,

                    Plaintiffs,                    Index No. 23329/06

-against-

PAOLA B. COLON,

                    Defendant.

---

### DEFENDANT PAOLA B. COLON'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO DISMISS AND FOR OTHER RELIEF

Peter Graf and Nancy Kunak commenced this action alleging slander, slander per se and infliction of emotional distress. After the defendant Paola B. Colon moved to dismiss the action and for sanctions, the plaintiffs filed an Amended Complaint, adding Family Office Group, LLC("FOG") as a party, and adding claims of breach of fiduciary duty and toritous interference with contract. Solely because of the filing of the Amended Complaint, Ms. Colon withdrew her original motion without prejudice.

Ms. Colon now again moves to dismiss the action pursuant to CPLR 3211 and for sanctions pursuant to 22 NYCRR 130-1.1. If the action is not dismissed, Ms. Colon also seeks to move the venue for the action to New York County.

### I.    BACKGROUND

At the time of the incidents alleged in the Amended Complaint, both the individual plaintiffs and Ms. Colon were employed by Graf, Repetti & Co., LLP (the "Firm"), an accounting firm located at 1114 Avenue of the Americas, New York, New York. Amended

1

Complaint, attached as Annex A[1], at pars. 1 - 2, 4, 7[2]. The individual plaintiffs allege that on November 15, 2006, while participating by phone in a Firm staff meeting, at which only Firm employees were present, Ms. Colon made the following statements:

> That the plaintiff Nancy Kunak "was dancing on the tables at a party."
>
> That "Nancy [Kunak] flashed Peter [Graf] her boobs at the last holiday party."

Id. at pars. 9, 11-12. Ms. Colon denies making either statement. Colon Affidavit at par. 4.

On November 29, 2006, merely one day after the plaintiffs filed this action, the Firm, which is not a named party to this action, sent Ms. Colon a Release, a copy of which is attached as Annex D. Colon Affidavit at par. 46. The Firm asserted:

> The [F]irm has made you aware that Peter Graf and Nancy Kunak have filed suit against you in Supreme Court, Westchester County for defamation and related claims under the caption Peter Graf and Nancy Kunak v. Paola B. Colon, Index No. 23329/06. As part of [the Firm's proposed release], <u>the Firm will arrange for this litigation to be dismissed with prejudice and the Firm [sic] will file with the Court a Stipulation of Discontinuance with Prejudice of such suit.</u>

Release at par. 7 (emphasis added).

The Firm also sent Ms. Colon a copy of the not yet served Summons and Complaint. Colon Affidavit at par. 7.

The sole purpose of the Release and this lawsuit is to pressure Ms. Colon, who has recently given birth, to forego her rights to time off to nurture her child under the Family and

---

[1] All references to "Annex" are to the annexes to the accompanying Affidavit in Support of Paola B. Colon, sworn to on March 8, 2007 (the "Colon Affidavit").

[2] On information and belief, no meaningful distinction exists between the Firm and the plaintiff FOG. The Firm and FOG have the same address—1114 Avenue of the Americas, New York, New York. Amended Complaint, attached as Annex B, at pars. 1-2. The plaintiffs describe Ms. Colon as an at-will employee of the Firm in the Complaint (Annex A at pars. 7-8); in the Amended Complaint they allege that she is an at-will employee of FOG. Annex B at pars. 7-8. Ms. Colon's maternity leave memorandum is issued by both the Firm and FOG. Annex C.

Medical Leave Act and other statutes. Id. at par. 10. Ms. Colon, on October 11, 2006 and other occasions, objected to coming into the office with her then less than one month child. The Firm then sought to wrongfully terminate her for insisting on her maternity rights. Id.

## II.  ARGUMENT

The Firm manipulated its employees to commence this lawsuit as a pretext to force Ms. Colon to sign the Release, thus avoiding potential liability for the Firm. The action should be dismissed for failure to join an indispensable party—the Firm—and for failure to state a cause of action. Sanctions should be imposed against the plaintiffs for bringing this lawsuit to "harass or maliciously injure" Ms. Colon. 22 NYCRR 130-1.1. If the action is not dismissed, venue is properly in the City and County of New York.

### A.  <u>The action should be dismissed for failure to join an indispensable party</u>

An action will be dismissed if "the court should not proceed in the absence of a person who should be a party". CPLR 3211(a)(10). It is plain from the Firm's own statements in the Release that it, and not the plaintiffs, controls this litigation, and that the litigation is a mere pretext to force Ms. Colon to waive her rights and sign the Firm's release. The action should be dismissed for failure to join the Firm as a plaintiff.

### B.  <u>The plaintiffs fail to state a cause of action</u>

The plaintiffs' complaint for slander, slander <u>per se</u> and infliction of emotional distress fails to state a cause of action.

#### 1.  <u>*The plaintiffs fail to allege slander*</u>

A cause of action for slander requires allegations of special damages -- the loss of something having economic or pecuniary value. <u>Privatera v. Town of Phelps</u>, 79 A.D.2d 1, 435

3

N.Y.S.2d 402, 404 (3rd Dep't), appeal dismissed 53 N.Y.2d 796 (1981). None is alleged here, and the slander cause of action must be dismissed as a matter of law.

### 2. *The plaintiffs fail to allege slander per se*

The plaintiffs that Ms. Colon made the following statements at the November 15, 2006 Firm staff meeting:

> That the plaintiff Nancy Kunak "was dancing on the tables at a party."
>
> That "Nancy [Kunak] flashed Peter [Graf] her boobs at the last holiday party."

Amended Complaint, attached as Annex B, at pars. 11-12. As a matter of law the plaintiffs fail to state a cause of action for slander per se.

"Words constitute slander per se if they impute: (1) the commission of a crime, (2) a loathsome disease, (3) unchaste behavior in a woman, or (4) homosexual behavior, or if they (5) affect plaintiff in his trade, occupation or profession." Privatera, supra. The first statement, that Kunak danced on a table, falls into none of these categories, and is thus not actionable. The second statement cannot apply to Peter Graf, since there is no fair reading of the statement that would imply that he solicited the behavior. Thus Mr. Graf's slander per se cause of action must be dismissed.

The statement "Nancy [Kunak] flashed Peter [Graf] her boobs at the last holiday party" is also not actionable by Ms. Kunak. First, "It is well established that expressions of opinion are constitutionally protected and hence, non-actionable." Satler v. Larsen, 131 A.D.2d 125, 520 N.Y.S.2d 378, 381 (1st Dep't 1987). Ms. Colon's opinion on whether Ms. Kunak "flashed" part or all of her breasts is not actionable.

Second, the only audience for the alleged statement were other employees, who were uniquely able to discover the truth of the statement a) that an office party occurred at which b)

4

Ms. Kunak exposed part or all of her breasts. If both parts of the statements are true, there is no slander. If no office party occurred, or if Ms. Kunak never "flashed" at an office party, the employees again can discover the falsity of the statement, and thus discount it. Thus, as a matter of law, the statement cannot be slanderous per se. Id. Since the audience was confined to other employees, the statement cannot affect Ms. Kunak's trade or business, or her reputation for chastity. Ms. Kunak's slander per se claim must be dismissed.

3. *The plaintiffs fail to allege infliction of emotional distress*

An allegation of intentional infliction of emotional distress only a cause of action when the conduct alleged exceeds "all bounds usually tolerated by decent society" Misek-Falkoff v. Keller, 153 A.D.2d 841, 545 N.Y.S.2d 360, 362 (2nd Dep't 1989. The emotional distress claim fails to meet this standard and must be dismissed.

4. *As a matter of law Ms. Colon owed no fiduciary duty to FOG*

The plaintiffs admit that Ms. Colon " . was an at-will employee of FOG". Amended Complaint at par. 7. Essentially, FOG argues that Ms. Colon breached a fiduciary duty by leaving FOG. Id., pars. 34 – 51.

These allegations are deficient as a matter of law. "[T]here is no fiduciary relationship between .. employee and employer, where, as here, the employment is terminable at will." Bevilacque v. Ford Motor Co., 125 A.D.2d 516, 509 N.Y.S.2d 595, 599 (2d Dep't 1986) FOG's claim, based on the alleged breach of a non-existent duty, must be dismissed.

5. *Ms. Colon never tortiously interfered with FOG contracts*

FOG's tortious interference with contract claim boils down to an allegation that Ms Colon was able to convince certain former clients of FOG to employ her. Amended Complaint at pars. 52 – 56. A claim of tortious interference with contract must be dismissed where "the

5

allegations are insufficient to show that defendant[] owed [plaintiff] any fiduciary duty." Philan Ins. Ltd. v. Frank B. Hall & Co., Inc., 215 A.D.2d 112, 626 N.Y.S.2d 85, 86 (1st Dep't 1995). As shown above, Ms. Colon, an at-will employee, owed FOG no fiduciary duty.

Moreover, to establish tortious interference with contract, FOG must first allege a breach of contract. "An essential element of a cause of action for intentional interference with contractual relations is the intentional procurement of a breach by the defendant." Gregoris Motors, Inc. v. Nissan Motor Corp. in U.S.A. 80 A.D.2d 631, 436 N.Y.S.2d 90, 91 (2nd Dep't 1981). FOG never alleges that its former clients breached any agreement with FOG.

FOG's tortious interference claim must fall as a matter of law.

### C. The plaintiffs should be sanctioned

This lawsuit was brought as a mere pretext to pressure Ms. Colon into signing the Release. The Release makes it plain—if Ms. Colon signed the Release:

> [T]he Firm will arrange for this litigation to be dismissed with prejudice and the Firm [sic] will file with the Court a Stipulation of Discontinuance with Prejudice of such suit.

Release at par. 7 (emphasis added). The Firm sent the Release and the Summons and Complaint to Ms. Colon a single day after the Summons and Complaint was filed. Colon Affidavit at pars. 6 - 7. This was before Ms. Colon was ever served with the Summons and Complaint. Id. at par. 7.

The plaintiffs colluded with the Firm "[t]o harass or maliciously injure..." Ms. Colon, and the Court should issue appropriate sanctions. 22 NYCRR 130-1.1(c) (2).

### D. If the action is not dismissed, venue is properly in the City of New York

Should the Court elect not to dismiss this action, venue should be moved to the City of New York, County of New York. The Firm, the real party in interest, has its principal place of

business at 1114 Avenue of the Americas, New York, New York. Amended Complaint at par. 2. It was at this address that the complained of incidents occurred. New York County thus would be the most convenient forum to gather evidence and interview witnesses. The plaintiff Peter Graf also claims to reside in the "county and State of New York". Id. at par. 1. The Amended Complaint merely mentions that the co-plaintiff Nancy Kunak resides "in the State of New York". Id. at par. 4. There is no indication that moving the action to New York would inconvenience her. New York is also a more convenient forum for the defendant, who lives in New Jersey (Amended Complaint at par. 6) and has retained New York City counsel.

## CONCLUSION

The Amended Complaint must be dismissed pursuant to CPLR 3211 for failing to join an indispensable party and failing to state a cause of action. The plaintiffs must be sanctioned for bringing this action to "harass or maliciously injure" Ms. Colon. 22 NYCRR 130-1.1. If the action is not dismissed, venue should be moved to New York County.

New York, New York
March 8, 2007

Roy A. McKenzie
**Attorney for the defendant**
641 Lexington Avenue, 20th floor
New York, New York 10022
(212) 832-3696
(212) 371-6632-fax