# EXHIBIT "H"

GR
GRAF REPETTI & CO., LLP
Certified Public Accountants & Business Advisors

29 November 2006

Paola B. Colon
158 Maple Avenue
Rahway, New Jersey

Dear Paola:

The purpose of this letter agreement is to set forth our mutual understanding and agreement with respect to your resignation from employment with Graf Repetti & Co., LLP ("the Firm") and your release of all claims against the Firm under applicable federal, state and/or local law. We have agreed as follows:

1. Separation from Employment. Your resignation from employment is effective as of November 17, 2006 (your "separation date"). Accordingly, you shall not be considered an employee of the Firm for any purpose after that date.

2. Compensation. You agree that you have received all compensation to which you are entitled for services rendered to the Firm through your separation date and agree to make no claims for further compensation from the Firm of any type, except such sums as are provided for in this letter agreement.

3. Separation Pay. In consideration of this letter agreement and your General Release, the Firm shall pay separation pay, in a lump sum, in an amount equal to two (2) months of your regular base salary at the rate of $47,500.00 per annum, less all applicable federal, state or local tax withholding, F.I.C.A., and any other applicable payroll deductions. In addition, you are entitled to accrued vacation time of 30.05 hours totaling $732.02, less all applicable federal, state or local tax withholding, F.I.C.A., and any other applicable payroll deductions. Also, you will be paid for any hours worked and submitted during the period of November 9 – 17, 2006. Upon the complete execution of this Agreement and your compliance with the requirements of Paragraph 5 below concerning the return of property of the Firm, the Firm will deliver via overnight mail, a check in the referenced amount, made payable to Paola B. Colon.

4. General Release of Firm. In exchange for the Firm providing you with the benefits described in Paragraph 3, you, on your own behalf and on

behalf of your heirs, executors, administrators, attorneys, successors and assigns, hereby release the Firm, any related or affiliated firms or entities of any kind, and the present and former predecessors, successors, assigns, representatives, agents, principals, partners, accountants and employees of all of them, as well as any Firm employee benefit plans and plan fiduciaries, from all actions, causes of action, suits, debts, dues, sums of money, obligations, liabilities, claims, demands and damages you may have, whether presently known or unknown, whether contingent or otherwise, and whether specifically mentioned herein or not, regardless of when they accrued, including, but not limited to, claims based on your employment with the Firm, claims based on the cessation of that employment, claims based upon benefits provided to you or not provided to you during or subsequent to your employment with the Firm and claims of alleged employment discrimination, harassment, or retaliation based on race, color, national origin, gender, age, religion, pregnancy, disability, sexual orientation, veteran's status, whistleblower status or marital status. This includes the release of any rights or claims you may have under Title VII of the Civil Rights Act of 1964, as amended; the Equal Pay Act; the Americans With Disabilities Act; the Family and Medical Leave Act of 1993; Title VIII of the Sarbanes-Oxley Act of 2002; the New York State Human Rights Law; the New York City Human Rights Law; the New York Labor Law; or any other federal, state, or local laws or regulations, including, but not limited to, any and all laws or regulations prohibiting employment discrimination, harassment, or retaliation. This also includes a release by you of any claims for wrongful discharge, defamation, intentional tort, and breach of contract, implied or otherwise. You further agree that you hereby waive any right that you may have to seek or to share in any relief, monetary or otherwise, relating to any claim released herein, whether such claim was initiated by you or not. This release does not include a release of any rights to workers' compensation or unemployment benefits to which you may be entitled, or of any rights you may have under this Agreement.

5. General Release of Paola Colon. Upon receipt of the signed release, the Firm and all its partners hereby release Paola Colon from any claim of any nature whatsoever. The firm also agrees to dismiss with prejudice the law suit filed on November 28, 2006. This General Release does not constitute a waiver to seek enforcement of the obligations set forth in this Release, specifically ¶ 8.



6. Confidentiality and Non-Disparagement. You and the Firm each agree not to reveal to any party the terms of this letter agreement and the Separation Pay being paid to you pursuant to this agreement. Further, you and the Firm agree not to discuss with any party any information you gained as a result of your employment with the Firm, any information concerning clients of the Firm or other sensitive or confidential information pertaining to the Firm and its employees and operations. Further, you and the Firm agree that the Firm will make no disparaging statements to any party concerning your employment with the Firm or your professional qualifications or character. Similarly, you agree not to make any disparaging statements to any party concerning the Firm, its partners and employees or relating to your employment with the Firm. Nothing herein shall limit or prohibit any party from providing testimony under oath at a legal proceeding when that party is required by law to provide such testimony under subpoena or other binding legal process.

7. Pending Litigation. The firm has made you aware that Peter Graf and Nancy Kunak have filed suit against you in Supreme Court, Westchester County for defamation and related claims under the caption Peter Graf and Nancy Kunak v. Paola B. Colon, Index No. 23329/06. As part of the consideration for your executing this letter agreement and complying with its terms, the Firm will arrange for this litigation to be dismissed with prejudice and the Firm will file with the Court a Stipulation of Discontinuance with Prejudice of such suit.

8. Additional Agreements. By signing this Agreement you agree to the following:

   (a) For a period of two years from the date of this agreement, you will not solicit or provide professional bookkeeping, accounting or other related services, either directly or indirectly, to any client(s) of Graf Repetti & Co., LLP.

   (b) In the event any client of the firm is provided services by Paola Colon within two years of the date of the Agreement, Paola Colon will pay to the Firm one-third (1/3) of all fees received within three (3) business days of receipt of such fees.

   (c) You will promptly return all property of the Firm and clients of the Firm, including but limited to a telephone, files, paperwork,



data files, checks, checking account documents, bills, invoices and other documents pertaining to or containing client information or Firm information. You agree not to retain copies of such documents and or data files. All such property shall be returned to the Firm prior to delivery to you of the check referenced in Paragraph 3 above.

9. Acknowledgment. By signing this Agreement, you acknowledge and agree that:

(a) You have been afforded a reasonable and sufficient period of time to review this Agreement and consult with an attorney of your choosing to seek any advice which you may deem necessary in connection with entering into this agreement;

(b) You have carefully read and fully understand the terms of this Agreement, all of which have been explained to you to your satisfaction;

(c) You have signed this Agreement freely and voluntarily and without duress or coercion and with full knowledge of its significance and consequences, and of the rights and claims relinquished, surrendered, released and discharged hereunder;

(d) The only consideration for signing this Agreement are the terms stated herein and no other promise, agreement or representation of any kind has been made to you by any person or entity whatsoever to cause him to sign this Agreement; and,

10. Miscellaneous. This letter agreement shall be construed in accordance with the laws of the State of New York without regard to choice or conflict of law principles. You agree that any dispute arising under this Agreement or related to your employment at the Firm shall be submitted to Courts located in New York, New York and you consent to the jurisdiction of such Courts for that purpose. A waiver of any breach of or failure to comply fully with any provision of this letter agreement by either party shall not operate or be construed as a waiver of any subsequent breach thereof or failure so to comply. If any portion or provision of this letter agreement shall to any extent be deemed invalid or unenforceable, the remainder of this letter agreement, or the application of such portion or provision in circumstances other than those

as to which it is held invalid or unenforceable, shall not be affected thereby and each portion and provision of this letter agreement shall be valid and enforceable to the fullest extent permitted.

To avoid any possible misunderstanding, the Firm intends this letter agreement to be a comprehensive statement of the terms of your separation. For this reason, any modifications of the terms set forth in this letter agreement must be in writing and signed by you and by me on behalf of the Firm.

Please indicate your agreement to the terms of this letter agreement by signing and dating the last page of the enclosed copy of this letter agreement. The signed letter agreement must be returned and received not later than the close of business on Friday, December 1, 2006.

Sincerely,

Shera L. Haliczer
Director of Human Resources
Graf Repetti & Co., LLP

EXECUTED this ___ day of November, 2006, by:

______________________________
Paola B. Colon