# EXHIBIT "J"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------------X
PETER GRAF, NANCY KUNAK and           Index No.: 23329/06
FAMILY OFFICE GROUP, LLC

                                                       **ORDER WITH**
                               Plaintiffs,      **NOTICE OF ENTRY**

    - against -

PAOLA B. COLON,

                      Defendant.
-----------------------------------------------------------------X

MAY - 7 2007

COUNTY OF WESTCHESTER

C O U N S E L L O R S :

    **PLEASE TAKE NOTICE**, that the within is a true copy of an Order duly filed and entered on April 16, 2007, in the Office of the Westchester County Clerk.

Dated: White Plains, New York
        May 2, 2007

                                     HARRINGTON, OCKO & MONK, LLP

                                     By: _____
                                        Michael W. Freudenberg
                                        *Attorneys for Plaintiffs*
                                        81 Main Street, Suite 215
                                        White Plains, NY 10601
                                        (914) 686-4800

To:    Roy A. McKenzie, Esq.
       *Attorneys for Defendant*
       641 Lexington Avenue, 20th Floor
       New York, NY 10022
       (212) 832-3696

# DECISION AND ORDER

To commence the statutory
period of appeals as of right
(CPLR 5513[a]), you are advised
to serve a copy of this Order,
with notice of entry, upon all
parties.



FILED

APR 16 2007

TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

SUPREME COURT OF THE STATE OF NEW YORK
IAS PART, WESTCHESTER COUNTY

Present: HON. MARY H. SMITH
         Supreme Court Justice

---------------------------------------------X
PETER GRAF, NANCY KUNAK and FAMILY OFFICE
GROUP, LLC,

                                    Plaintiff,

        -against-

PAOLA B. COLON,

                                    Defendant.
---------------------------------------------X

MOTION DATE: 4/13/07
INDEX NO.: 23329/06

The following papers numbered 1 to 9 were read on this pre-answer motion by defendant for an Order pursuant to CPLR 3211 dismissing the complaint, etc.

                                              **Papers Numbered**

Notice of Motion - Affidavit (Colon) - Exhs. (A-D) -
Memorandum of Law ..................................................1 - 4
Answering Affirmation (Freudenberg) - Exh. - Affidavit
(Haliczer) - Memorandum of Law .....................................5 - 8
Replying Memorandum of Law .........................................  9

Upon the foregoing papers, it is Ordered and adjudged that

this motion by defendant is disposed of as follows:

Defendant's motion for an Order dismissing this action based

-1-

upon plaintiff's alleged failure to have named Graf, Repetti & Co., LLP ("GR&C") as a necessary party is denied. Defendant's protestations to the contrary notwithstanding, perusal of the amended complaint demonstrates that complete relief can be accorded between the parties without GR&C as a named plaintiff, see CPLR 1001, subd. (a), given the allegations set forth in the pleading, which are supported herein by an affidavit from Shera Haliczer, Director of Human Resources for Family Office Group, LLC ("FOG"), that defendant, at the relevant time, had worked exclusively for FOG[1] and that her duty of loyalty had been to said entity. In this Court's view, defendant's contention that the submitted release from GR&C establishes that it is said entity that really "controls" this litigation is irrelevant; to the extent that defendant believes that she has a claim against GR&C for its allegedly coercive actions with respect to said release, she of course may commence a proper third-party action impleading said entity. Defendant's motion seeking dismissal of the complaint for failure to name GR&C as a necessary party, however, is denied.

Defendant's motion for an Order dismissing this action based upon a failure to state a cause of action also is denied. It is well-settled that on a motion to dismiss for failure to state a

---

[1] FOG provides "advisory, management, and bookkeeping services to high net worth clientele" and GR&C is a public accounting firm.

-2-

cause of action, the Court initially must accept the facts alleged in the complaint as true and then determine whether those facts fit within any cognizable legal theory, irrespective of whether the plaintiff will likely prevail on the merits. See Campaign for Fiscal Equity, Inc. v. State, 86 N.Y.2d 307, 318 (1995); Leon v. Martinez, 84 N.Y.2d 83, 87-88 (1994); People v. New York City Transit Authority, 59 N.Y.2d 343, 348 (1983); Morone v. Morone, 50 N.Y.2d 481 (1980); Guggenheimer v. Ginzburg, 43 N.Y.2d 268, 274-275 (1977); Cavanaugh v. Doherty, 243 A.D.2d 92, 98 (3rd Dept. 1989); Klondike Gold, Inc. v. Richmond Associates, 103 A.D.2d 821 (2nd Dept. 1984). The complaint must be given a liberal construction and will be deemed to allege whatever cause of action can be implied by fair and reasonable intendment. See Shields v. School of Law of Hofstra University, 77 A.D.2d 867, 868 (2nd Dept. 1980); Penato v. George, 52 A.D.2d 939 (2nd Dept. 1976). The test is whether the pleading gives notice of the transactions relied upon by the plaintiff and whether sufficient material elements of the cause of action have been asserted. Where extrinsic evidentiary material is considered, the Court need not assume the truthfulness of the pleaded allegations. The criterion to be applied in such a case is whether the plaintiff actually has a cause of action, not whether he has properly stated one. Guggenheimer v. Ginzburg, supra at 275; Kaufman v. International Business Machines Corp., 97

-3-

A.D.2d 925 (3rd Dept. 1983), affd. 61 N.Y.2d 930 (1984); Rappaport v. International Playtex Corporation, 43 A.D.2d 393, 395 (3rd Dept. 1974).

The amended complaint asserts causes of action for slander, slander per se, infliction of emotional distress[2], breach of fiduciary duty and tortious interference with contractual relations. The Court hereby grants defendant's motion to the extent only that the cause of action pleading infliction of emotional distress is hereby dismissed. The Court, however, denies defendant's dismissal motion with respect to the remainder of the complaint.

A viable cause of action for intentional infliction of emotional distress exists where a plaintiff pleads and proves extreme and outrageous conduct, the intentional or reckless nature of such conduct, a causal relationship between the conduct and the resulting injury and severe emotional distress. See Howell v. New York Post Co., Inc., 81 N.Y.2d 115 (1993); Christenson v. Gutman, 249 A.D.2d 805, 808 (3rd Dept. 1998). The offensive conduct with which defendant is charged "must transcend all bounds of decency and 'be regarded as atrocious and utterly intolerable in a civilized community (Citations omitted)." Graham v. Guilderland

---

[2] Plaintiff has not specified whether this claim is grounded in negligence or as an intentional tort.

-4-

Central School District, 256 A.D.2d 863 (3rd Dept. 1998). A negligent infliction of emotional distress claim additionally must allege conduct that endangered plaintiff's physical safety or caused plaintiff to fear for his/her physical safety. See Sclar v. Fayetteville-Manlius School Dist., 300 A.D.2d 1115 (4th Dept. 2002), lv. to app. den. 99 N.Y.2d 510 (2003).

Such allegations are found to be wholly lacking in the matter at bar. Defendant's allegedly spoken words supporting this cause of action, while inappropriate and offensive, particularly in the context in which they were stated, are found as a matter of law not to have transcended all bounds of decency, and they are not regarded as atrocious and utterly intolerable in a civilized community. Moreover, plaintiffs have not and cannot plead that defendant's conduct unreasonably had endangered their physical safety or had caused them to fear for their physical safety. Accordingly, said infliction of emotional distress claim is hereby dismissed. Cf. Kondo-Dresser v. Buffalo Public Schools, 17 A.D.3d 1114 (4th Dept. 2005); Lewittes v. Blume, 18 A.D.3d 261 (1st Dept. 2005).

Anent the causes of action pleading slander, whether particular words are defamatory presents a legal question to be decided by the Court in the first instance. See Weiner v. Doubleday & Co., Inc., 74 N.Y.2d 586 (1989), cert. den. 495 U.S.

-5-

930 (1990). It is beyond cavil that an opinion, even if false or inaccurate, cannot form the basis of a defamation action, since expressions of personal opinion are constitutionally protected. See Steinhilber v. Alphonse, 68 N.Y.2d 283, 286 (1986); Rinaldi v. Holt, Rinehart & Winston, 68 N.Y.2d 283, 286 (1977), cert. den. 434 U.S. 969 (1977). However, accusations must be set forth as fact; same are not actionable if the facts upon which they are based are fully and accurately set forth and it is clear to the reader or listener that the accusation is merely a personal surmise built upon those facts. Gross v. New York Times, supra, 82 N.Y.2d at 154-155. Nevertheless, language will be actionable if it is a "mixed opinion," a statement of opinion implying that it is based upon facts which justify the opinion, but which are unknown to those hearing or reading it. Id. at 289-290.

A Court, in distinguishing between actionable factual assertions and non-actionable opinion, must consider:

> whether the specific language in issue has a precise meaning which is readily understood; (2) whether the statements are capable of being proven true or false; and (3) whether either the full context of the communication in which the statement appears or the broader social context and surrounding circumstances are such as to signal ... readers or listeners that what is being read or heard is likely to be opinion, not fact.

See Brian v. Richardson, 87 N.Y.2d 46, 51 (1995).

-6-

It is also well settled that statements that "tend to expose a person to hatred, contempt or aversion, or to induce an evil or unsavory opinion of him in the minds of a substantial number in the community" are libelous per se. See Tracy v. Newsday, Inc., 5 N.Y.2d 134, 137. Further, words charging incompetence, a serious crime or professional incompetence are actionable per se, without the need to plead or prove special damages. See Liberman v. Gelstein, 80 N.Y.2d 429, 435 (1992); Clemente v. Impastato, 274 A.D.2d 771 (3rd Dept. 2000); Chiavarelli v. Williams, 256 A.D.2d 111, 113 (1st Dept. 1998). Similarly statements which impute unchastity to a women also constitute slander per se. See Liberman v. Gelstein, 80 N.Y. 2d 429 (1992).

Applying the foregoing principles of law to the facts at bar the Court finds that the stated slanderous allegations that defendant, in the course of a monthly business meeting attended by plaintiffs and approximately twenty of their co-employees, had stated that plaintiff Nancy Kunak "was dancing on the tables at a party" and that she had "flashed [plaintiff] Peter [Graf] her boobs at the last holiday party," and where the complaint further pleads that each plaintiff has sustained damages to his/er personal and professional reputation, must withstand this dismissal motion. The clear import of the allegedly slanderous statements is that Kunak had engaged in misconduct and unprofessional conduct, possibly that

-7-

she is promiscuous, and that by virtue of the fact that Kunak still worked at FOG a year later that Graf, their boss, had sanctioned and approved of such conduct by female subordinates. Since this Court cannot state as a matter of law that the foregoing alleged statements constitute protected opinion or objective facts and/or that they do not constitute slander per se, it is for a jury to determine whether the foregoing statements are actionable as defamatory. See Matherson v. Marchello, 100 A.D.2d 233, 240 (2nd Dept. 1984).

Regarding the claim for breach of fiduciary duties, it is well settled that an employment relationship gives rise to the requirement that "an employee is to be loyal to his employer and is 'prohibited from acting in any manner inconsistent with his agency or trust and is at all times bound to exercise the utmost good faith and loyalty in the performance of his duties. (Citation omitted)." Western Elec. Co. v. Brenner, 41 N.Y.2d 291 (1977). Since plaintiff FOG's claim herein is that defendant, while in its employ, had planned and later formed, with telephone lines and computer equipment furnished by FOG and while defendant was being paid by FOG, a competing business that had obtained what formerly had been FOG's Nars' contract, FOG sufficiently has stated a cause of action for breach of fiduciary duties. See CBS Corp. v. Dumsday, 268 A.D.2d 350, 353 (1st Dept. 2000); A & L Scientific

-8-

Corp. v. Latmore, 265 A.D.2d 355 (2nd Dept. 1999).

As to the tort of interference with contractual relations, such cause of action consists of four elements: (1) the existence of a contract between plaintiff and a third party; (2) defendant's knowledge of the contract; (3) defendant's intentional inducement of the third party to breach; and (4) damages to plaintiff. See Kronos, Inc. v. AVX Corporation, 81 N.Y.2d 90, 94 (1993). Moreover, "the interference must be intentional, not merely negligent or incidental to some other, lawful, purpose. (Citations omitted)." Alvord and Swift v. Stewart M. Muller Construction Company, Inc., 46 N.Y.2d 276, 281 (1978). The Court finds that the evidence at bar, given a liberal construction thereto, sufficiently establishes that plaintiff FOG had a contract with Nars, that defendant was aware of and indeed had serviced this contract on behalf of FOG, that defendant had solicited Nars to hire defendant as its bookkeeper, resulting in FOG's loss of the Nars contract, and thus damages. See Bayside Carting, Inc. v. Chic Cleaners, 240 A.D.2d 687 (2nd Dept. 1997).

Defendant's alternative motion seeking to have venue of this action changed to New York County is denied.[3] Firstly, venue of

---

[3] The Court notes that defendant failed to properly include in her Notice of Motion her argued request for a change of venue, see CPLR 2214, subd. (a), and further had failed to submit a copy of the summons. See CPLR 2214, subd. ©.

-9-

this action properly is placed in Westchester County based upon the asserted residence of plaintiff Graff. See CPLR 503, subd. (a).

In any event, having failed to first adhere to the statutory procedure to effect a change of venue as set forth in CPLR 511, subdivision (b), defendant is not entitled by motion to seek a change of venue.

The Court further finds that defendant woefully has failed to demonstrate entitlement to a change of venue based upon the convenience of material witnesses since there is no detailed evidentiary showing that the convenience of nonparty witnesses would in fact be served by the granting of such relief. See O'Brien v. Vassar Bros. Hosp., 207 A.D.2d 169 (2nd Dept. 1995). Defendant has not specifically identified the names, addresses and occupations of the potential eyewitnesses, disclosed the facts to which the proposed witnesses will testify at the trial and related same to the material issues presented; nor does defendant state that the witnesses have been contacted and are in fact willing to testify and that they would be inconvenienced if they had to appear in Westchester County. See Proc v. Oberlander, 304 A.D.2d 545 (2nd Dept. 2003); Darcy v. Adco Elec., Inc., 303 A.D.2d 359 (2nd Dept. 2003); Fernandes v. Lawrence, 290 A.D.2d 412 (2nd Dept. 2002); Romero v. Mitchelltown Apartments, Inc., 281 A.D.2d 612 (2nd Dept. 2001); Roth v. Meyer, 248 A.D.2d 1001 (4th Dept. 1998); Ossowski v.

-10-

American Telephone and Telegraph, 237 A.D.2d 340 (2nd Dept. 1997); O'Brien v. Vassar Brothers Hospital, supra, 207 A.D.2d at 172-173; Andros v. Roderick, 162 A.D.2d 813 (3rd Dept. 1990). Contrary to defendant's apparent understanding, the convenience of the parties themselves, and concomitantly their lawyers, is not properly considered on a discretionary venue motion. See Fernandes v. FN Projects, Inc., 214 A.D.2d 525 (1st Dept. 1995); MacRobbie v. Olivio, 200 A.D.2d 373 (1st Dept. 1994); O'Brien v. Vassar Brothers Hospital, supra, 207 A.D.2d 169.

Finally, defendant's motion seeking an award of sanctions pursuant to 22 N.Y.C.R.R. 130-1.a is denied as the Court does not find that defendant has demonstrated that plaintiffs had engaged in frivolous conduct, as same is defined therein.

The parties shall appear before the undersigned at 9:30 a.m. on May 9, 2007, for a preliminary conference. This date may not be adjourned without the Court's consent. Any party's failure to appear may result in the imposition of costs and/or sanctions.

Dated: April 13, 2007
      White Plains, New York

*[signature]*

MARY H. SMITH
J.S.C.

Roy A. McKenzie, Esq.
Atty. For Deft.
641 Lexington Avenue, 20th fl.
New York, New York   10022

Harrington, Ocko & Monk, LLP
Attys. For Pltf.
81 Main Street, Suite 215
White Plains, New York 10601

-12-

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------------x   Index No.: 23329/06
PETER GRAF and NANCY KUNAK,

**AFFIDAVIT OF SERVICE**

                Plaintiffs,

        - against -

PAOLA B. COLON,

                Defendant.
-----------------------------------------------------------------x

STATE OF NEW YORK    )
                                ) ss.:
COUNTY OF WESTCHESTER  )

      Susan Glenn, being duly sworn, deposes and says: I am not a party to this action, over 18 years of age, and reside in Dutchess County, New York.

      On May 2, 2007, deponent served the within Order with Notice of Entry upon:

               Roy A. McKenzie, Esq.
               641 Lexington Avenue, 20th Floor
               New York, NY 10022

by depositing a true copy thereof in a post-paid wrapper, in an official depository under the care and custody of the United States Postal Service within the State of New York.

                                                             _____
                                                             Susan Glenn

Sworn to before me this
2nd day of May, 2007.

_____
SHIRLEY B. THORNTON
Notary Public, State of New York
No. 01TH6029394
Qualified in Westchester County
Commission Expires August 16, 2009

MAY - 7 2007