EXHIBIT "M"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

------------------------------------------------------------------X

PETER GRAF, NANCY KUNAK and
FAMILY OFFICE GROUP, LLC

                                         Plaintiffs,

     - against -

PAOLA B. COLON,

                             Defendant.

------------------------------------------------------------------X

**Index No.: 23329/06**

**AFFIRMATION IN SUPPORT OF PLAINTIFFS' MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM**

     **John T. Rosenthal,** being duly sworn, deposes and states the following under the penalties of perjury:

     1.    I am associated with the law firm of Harrington, Ocko & Monk LLP, attorneys for Plaintiffs, PETER GRAF ("Graf"), NANCY KUNAK ("Kunak") and FAMILY OFFICE GROUP, LLC ("FOG") (collectively "Plaintiffs"), in the above-referenced matter. As such, I am fully familiar with the facts and circumstances herein based upon my review of the files maintained by this law firm. I make this Affirmation in support of Plaintiffs' motion to dismiss Defendant's Counterclaim.

     2.    Attached hereto as Exhibit "A" is a true and correct copy of the Personal Action Form of FOG regarding Defendant PAOLO COLON ("Colon" or "Defendant") and her request for paid maternity leave for approximately 12 weeks beginning September 25, 2006 and ending December 15, 2006. The Personal Action Form clearly indicates that Defendant Colon requested to take paid maternity leave, <u>not</u> unpaid Federal Medical Leave Act ("FMLA") leave, during the period September 25, 2006 through December 15, 2006. *Id.* During this period, Defendant Colon would work from home approximately 2 to 2-1/2 days per week while out on her paid

maternity leave. A copy of this Personal Action Form and agreement was provided to Defendant Colon. Defendant Colon did not object to this arrangement.

3.    Attached hereto as Exhibit "B" is a true and correct copy of the Affidavit of Shera L. Haliczer filed on April 11, 2007 in this action.   Ms. Haliczer's Affidavit indicates that Defendant Colon, upon learning that she was pregnant, requested that FOG accommodate her pregnancy through paid maternity leave. This paid maternity leave for Ms. Colon was to include her working at her home part-time while she cared for her newborn infant. *Id.* The Affidavit of Ms. Haliczer indicates that Colon advised FOG that she needed to continue earning a paycheck, and that she could not afford to take unpaid maternity leave, as provided for by the FMLA. *Id.* FOG entered into this agreement with Defendant Colon to allow her to take paid maternity leave and work at home at least half of each week based upon the representations by Defendant Colon to FOG that it was her intention to return to work as a full-time employee at FOG upon termination of her paid maternity leave. *Id.* Ms. Haliczer's Affidavit indicates Defendant Colon did not request unpaid FMLA leave.

4.    Defendant Colon began working from her home on or about September 26, 2006. *Id.* Pursuant to her employment agreement regarding paid maternity leave with FOG, it was the understanding of FOG that Defendant Colon would work 20 to 25 hours per week from home, as well as come to FOG's offices two (2) days a week. *Id.* However, during her paid maternity leave, Defendant Colon began submitting timesheets indicating a work schedule of 35 hours per week. *Id.* On or about November 15, 2006, Ms. Haliczer conducted a monthly administrative staff meeting in which Defendant Colon participated via telephone from her home; FOG had previously provided Defendant Colon with a computer and associated computer lines and equipment at her home in order to facilitate her working from home during her paid maternity leave. *Id.* During this meeting, Defendant Colon made several false, inappropriate and salacious

2

remarks regarding Plaintiff Kunak and Plaintiff Graf. *Id.* Defendant Colon refused to apologize for these statements when later requested to do so. *Id.* FOG later learned that Defendant Colon was improperly making apparent business arrangements with an existing FOG client, and had obtained a credit card issued in Defendant Colon's name on that client's account. *Id.* Such conduct and activities by Defendant Colon violated FOG's policies regarding FOG clients. *Id.* As a result of her conduct, Defendant Colon was terminated in mid-November 2006. *Id.*

5.    Attached hereto as Exhibit "C" is a true and correct copy of Plaintiffs' Verified Amended Complaint in this matter filed February 21, 2007.

6.    Attached hereto as Exhibit "D" is a true and correct copy of the March 16, 2007 Complaint filed by Defendant Colon with the United States Equal Employment Opportunity Commission ("EEOC") against Graf, Repetti & Co., LLC ("GRC") and FOG. The Complaint alleges only that on one occasion, October 11, 2006, Defendant was allegedly ordered to come into work. This date is within the period of paid maternity leave agreed to by Defendant with FOG, and the period during which Defendant Colon agreed to come into FOG's offices 2 to 2-1/2 days per week. See Exhibit "A" attached hereto. Defendant's EEOC Complaint makes no mention of Plaintiffs Graf or Kunak, and makes no mention of any other alleged conduct by GRC or FOG.

7.    Subsequently, on or about April 23, 2007, Defendant's counsel, Roy A. McKenzie, filed a letter with the EEOC regarding Defendant Colon's EEOC Complaint. Attached hereto as Exhibit "E" is a true and correct copy of Defendant's counsel's April 23, 2007 letter. The letter of Defendant's counsel refers to the Family Medical Leave Act ("FMLA"), Title VII and the American Disabilities Act ("ADA") as the bases for Defendant's EEOC Complaint against FOG and GRC. This letter does not make mention of any conduct by Plaintiffs Graf or Kunak. The letter does not describe any conduct by Plaintiffs.

3

8.    Attached hereto as Exhibit "F" is a true and correct copy of Defendant Colon's Verified Answer in this matter. The allegations in Defendant's Counterclaim fail to include allegations that Defendant Colon requested unpaid FMLA leave, fail to allege that Defendant Colon ever filed a Complaint with the EEOC against any of the Plaintiffs prior to filing her Counterclaim in this action, the allegations do not indicate that Defendant Colon was denied unpaid FMLA leave on the basis of her sex or gender or that Plaintiffs were aware that Defendant Colon had made an FMLA request for unpaid maternity, and the allegations in Defendant Colon's Counterclaim do not indicate that any of the Plaintiffs took direct or indirect action regarding Defendant Colon's rights under the FMLA. The allegations in Defendant's Counterclaim also fail to indicate other conduct by Plaintiffs that violated her alleged rights and fails to mention any other statutes that Plaintiffs' conduct may have violated.

WHEREFORE, for all the reasons set forth herein, as well as in the accompanying memorandum of law, we respectfully request that Plaintiffs' motion seeking dismissal of Defendant's Counterclaim be granted in its entirety, and for such further relief as this Court deems just and proper.

Dated: White Plains, New York
       July 23, 2007

HARRINGTON, OCKO & MONK, LLP

By:_____
       John T.A. Rosenthal
       *Attorneys for Plaintiffs*
       81 Main Street, Suite 215
       White Plains, NY 10601
       (914) 686-4800

4

To:     Roy A. McKenzie, Esq.
        *Attorneys for Defendant*
        641 Lexington Avenue, 20th Floor
        New York, NY  10022
        (212) 832-3696

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

-----------------------------------------------------------------x    Index No.: 23329/06

PETER GRAF and NANCY KUNAK,

**AFFIDAVIT OF SERVICE**

Plaintiffs,

- against -

PAOLA B. COLON,

Defendant.

-----------------------------------------------------------------x

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF WESTCHESTER      )

     Susan Glenn, being duly sworn, deposes and says:  I am not a party to this action, over 18 years of age, and reside in Dutchess County, New York.

     On July 23, 2007, deponent served the within Affirmation in Support of Plaintiffs' Motion to Dismiss Defendant's Counterclaim upon:

Roy A. McKenzie, Esq.
641 Lexington Avenue, 20th Floor
New York, NY  10022

by depositing a true copy thereof in a post-paid wrapper, in an official depository under the care and custody of the United States Postal Service within the State of New York.

_Susan Glenn_
Susan Glenn

Sworn to before me this
23rd day of July, 2007

_Shirley B. Thornton_
SHIRLEY B. THORNTON
Notary Public, State of New York
No. 01TH6029394
Qualified in Westchester County
Commission Expires August 16, 2009

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------x

PETER GRAF, NANCY KUNAK, and                    Index No.:  23329/06
FAMILY OFFICE GROUP, INC.

                    Plaintiffs,

         - against -

PAOLA B. COLON,

                 Defendant.
-------------------------------------------------------------------x


## AFFIRMATION IN SUPPORT OF PLAINTIFFS' MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM


HARRINGTON, OCKO & MONK, LLP
*Attorneys for Plaintiffs*
81 Main Street, Suite 215
White Plains, NY  10601
(914) 686-4800

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------------------------------------X
PETER GRAF, NANCY KUNAK and                          Index No.:  23329/06
FAMILY OFFICE GROUP, LLC

                                        Plaintiffs,

        - against -

PAOLA B. COLON,

                                        Defendant.
------------------------------------------------------------------X


### PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM


HARRINGTON, OCKO & MONK, LLP
Kevin J. Harrington
John T.A. Rosenthal
81 Main Street, Suite 215
White Plains, New York 10601
Telephone: 914-686-4800
*Attorneys for Plaintiffs*
*PETER GRAF, NANCY KUNAK and*
*FAMILY OFFICE GROUP, LLC*

Plaintiffs, PETER GRAF ("Graf"), NANCY KUNAK ("Kunak") and FAMILY OFFICE GROUP, LLC ("FOG" collectively "Plaintiffs"), by and through their attorneys, Harrington, Ocko & Monk, LLP, respectfully submit the following Memorandum of Law in support of their Motion to Dismiss the Counterclaim of Defendant, PAOLO B. COLON ("Defendant" or "Colon") pursuant to CPLR §3211(a)(1) and (7).

## I.    **INTRODUCTION**

Defendant Colon has asserted that Graf Repetti & Co., LLC ("GRC"), not a party to this action, has allegedly taken actions to cause Defendant to forego her Family Medical Leave Act ("FMLA") rights to take care of her newborn child. Verified Answer, at ¶14. The allegations, however, in Defendant's Counterclaim fail to allege a cause of action against Plaintiffs under the FMLA, as there exits clear documentary evidence conclusively substantiating a complete defense for Plaintiffs. In addition, Defendant's Counterclaim fails to state a cause of action against Plaintiffs under the FMLA (or other Federal or state discrimination laws) because it fails to allege proper notice to Plaintiffs of an FMLA request; fails to allege Defendant exhausted her administrative remedies; fails to allege that any of the Plaintiffs actually interfered with FMLA rights accorded to Plaintiff; fails to allege that Plaintiffs discriminated or retaliated against Defendant based upon her gender; and fails to allege any of the Plaintiffs actually took direct part in any alleged discrimination or retaliation against Defendant. Due to these blatant and obvious pleading deficiencies, Defendant's Counterclaim must be dismissed.

### A.    **Background**

Defendant Colon was initially hired by non-party, Graf, Repetti & Company, LLP and subsequently transferred her employment to Plaintiff Family Office Group, LLC in or about

2004. Sometime in mid-2006, Colon advised FOG that she was pregnant and requested that an accommodation be made for her maternity leave such that she would be allowed to continue employment and earn a salary while simultaneously staying at home 2 to 2-½ days per week in order to take care of her newborn. Rosenthal Aff., Exhibit "A"; Defendant's Verified Answer, at ¶7. FOG agreed to such accommodation. Rosenthal Aff., Exhibits "A" and "B". Defendant does not allege in her Counterclaim that she _ever_ actually requested unpaid maternity leave of Plaintiffs as provided under the FMLA.

Subsequently and during the period of her _paid_ maternity accommodation, Colon made several slanderous remarks about Plaintiffs, Peter Graf and Nancy Kunak, during a meeting with other employees. Rosenthal Aff., Exhibit "B"; Defendant's Verified Answer, at ¶¶8, 9. Colon refused to apologize for such statements despite requests by FOG's Human Resources Department for her to do so. Rosenthal Aff., Exhibit "B". In addition, it came to FOG's attention that Defendant Colon had breached her fiduciary duties to FOG by attempting to and successfully recruiting FOG clients to hire her directly as opposed to utilizing her services through FOG. _Id._ FOG subsequently terminated Defendant Colon in November 2006 as a result of her inappropriate comments and her unsatisfactory behavior. _Id._

Plaintiffs then filed their Verified Amended Complaint on February 21, 2007. Rosenthal Aff., Exhibit "C". On or about March 16, 2007, Defendant Colon filed a Complaint against FOG and GRC with the United States Equal Opportunity Commission ("EEOC"). Rosenthal Aff., Exhibit "D". Defendant's EEOC Complaint alleges _only_ that on a single day, October 11, 2006, non-party GRC requested she come into the office. Such request is entirely consistent with FOG's agreement with Defendant that she come into the office two (2) days a week while on

paid maternity leave.  Defendant's EEOC Complaint makes no mention of Plaintiffs Graf or Kunak.

On or about April 23, 2007, counsel for Defendant submitted an additional letter to the EEOC regarding Defendant's EEOC Complaint against FOG and GRC.  The letter makes no mention of Plaintiffs Graf and Kunak.  Rosenthal Aff., Exhibit "E".  The letter invokes the FMLA, Americans with Disabilities Act ("ADA") and Title VII as the basis for Defendant Colon's EEOC Complaint.  The letter does not describe any conduct by FOG, Graf or Kunak.

## II.    ALLEGATIONS OF DEFENDANT'S COUNTERCLAIM

The allegations contained in Defendant's Counterclaim are, to be generous, sparse.  The entirety of Defendant's Counterclaim is as follows:

> "The sole purpose of the relief and this lawsuit is to pressure Ms. Colon, who has recently given birth, to forego her rights to time off to nurture her child under the Family & Medical Leave Act and other statutes.  Ms. Colon, on October 11, 2006, and other occasions, objected to coming into the office with her less than one month child.  The Firm then sought to wrongfully terminate her for insisting on her maternity rights.  The Plaintiffs in this action have conspired with the Firm to deny Ms. Colon's rights."

See Rosenthal Aff., Exhibit "F", Defendant's Verified Answer.  The allegations in Defendant's Counterclaim fail to allege that Defendant requested FMLA leave.  The allegations in Defendant's Counterclaim fail to allege she filed a complaint with the EEOC against any of the Plaintiffs prior to filing her Counterclaim in this action.  Furthermore, the allegations in her Counterclaim do not indicate that Defendant was allegedly denied such unpaid FMLA leave on the basis of her sex and/or gender, or that Plaintiffs were aware that Defendant had made any alleged request regarding unpaid maternity leave.   Moreover, Defendant's Counterclaim

allegations do not indicate that Plaintiffs in this matter took any direct or even indirect actions regarding Defendant's rights under the FMLA, or any other statute for that matter.

## III.    **ARGUMENT**

In deciding a motion to dismiss a complaint, a Court assumes that plaintiff's factual allegations are true as well as reasonable inferences from those allegations. *McKenzie v. Meridian Capital Group, LLC*, 8 Misc.3d 1005(a), 801 N.Y.S.2d 778 (N.Y. Sup.Ct. Kings Co. March 24, 2005); *Sports Channel Assoc. v. Sterling Nets, LP*, 7 Misc.3d 1007, at *3, 801 N.Y.S.2d 242 (N.Y.Sup.Ct. April 7, 2005) (citing *Skill Games, LLC v. Brody*, 1 A.D.3d 247, 251, 767 N.Y.S.2d 418 (1st Dept. 2003)). However, allegations in a complaint are discounted if they are clearly contradicted by documentary evidence. *Id.* Indeed, a Court is not required to accept factual allegations that are plainly contradicted by documentary evidence. *Excel Graphics Tech., Inc. v CFG/AGSCB 75 9th Avenue, LLC*, 1 A.D.3d 65, 69, 767 N.Y.S.2d 99 (1st Dept. 2003); *Robinson v. Robinson*, 303 A.D.2d 234, 235, 757 N.Y.S.2d 13 (1st Dept. 2003). Furthermore, even though the pleaded facts in a complaint are presumed to be true and accorded favorable inference, allegations consisting of bare legal conclusions as well as facts that are inherently incredible or flatly contradicted by documentary evidence will not be given such consideration. *Geldman v Valley Crest Production, Ltd.*, 189 Misc.2d 403, 405, 732 N.Y.S.2d 528 (N.Y.Sup.Ct. 2001); *Marraccini v Bertelsmann*, 221 A.D.2d 95, 98, 644 N.Y.S.2d 875 (3rd Dept. 1996). Dismissal of a complaint based upon a defense founded upon documentary evidence is warranted if the documentary evidence submitted conclusively establishes a defense to the claims asserted as a matter of law. *Bank v. Lake*, 284 A.D.2d 355, 356, 726 N.Y.S.2d 291 (2nd Dept. 2001).

**A.**   **There Is Clear Documentary Evidence That Conclusively Establishes That Colon Has No Cause Of Action Against Plaintiffs Under The FMLA.**

In this instance, there is clear written evidence precluding Defendant from asserting a Counterclaim under the FMLA against any of the Plaintiffs in this action.  As described above and in the associated Affirmation of John T.A. Rosenthal, Defendant requested and was provided with an accommodation by FOG for twelve (12) weeks of paid maternity leave.  Rosenthal Aff., at ¶¶2-4, Exhibits "A" and "B".  FOG agreed to such accommodation at Defendant's request so that she would be able to continue to earn a salary during her maternity leave, while also being allowed to provide for her newborn child.  *Id.*

Pursuant to Defendant's request for paid maternity leave (not FMLA unpaid leave), FOG executed a Personal Action Form in June 2006 providing for the following: (1) Defendant would work 2 to 2-½ days per week while out on paid maternity leave; (2) Defendant would report her hours and be paid at her normal hourly rate during the twelve-week paid work period; (3) Defendant would be provided 12 weeks of paid maternity leave.  Rosenthal Aff., at Exhibits "A" and "B".  This document and agreement between FOG and Defendant provides conclusive written evidence that Defendant did not request unpaid maternity leave pursuant to the provisions of the FMLA that allow for unpaid maternity leave.  To the contrary, this document demonstrates that Defendant requested paid maternity leave in order to continue to earn a paycheck during this twelve-week period, and FOG honored such request in good faith.

In addition, Defendant's own EEOC Complaint shows how salacious her FMLA Counterclaim actually is.  The EEOC Complaint does not state that Defendant requested unpaid FMLA maternity leave.  The allegations of the EEOC Complaint state nothing more than that GRC requested that Defendant Colon come to the office on a work day, as required under the

5

terms of the Personal Action Form and Defendant's agreement with FOG. Thus, any alleged request by FOG or GRC that Defendant come into the offices on a <u>single</u> day is entirely consistent with Defendant's agreement with FOG regarding the terms of her <u>paid</u> maternity leave. As a result of the documentary evidence demonstrating Defendant <u>never</u> requested <u>unpaid</u> FMLA leave, Defendant's Counterclaim under the FMLA must be dismissed.

**B.   <u>Defendant Colon Has Failed To Allege A Cause Of Action Under The FMLA Against Plaintiffs.</u>**

Even if the Court were not to accept the Personal Action Form of FOG as clear documentary evidence that Defendant has no FMLA cause of action (because Defendant requested and was granted <u>paid</u> maternity leave as opposed to <u>unpaid</u> FMLA maternity leave), Defendant's Counterclaim fails to assert a cause of action under the FMLA because she does not allege she <u>adequately</u> or <u>timely</u> notified Plaintiffs of her desire for <u>unpaid</u> FMLA maternity leave.

Congress enacted the FMLA to allow employees to take reasonable leave for medical reasons including the birth or adoption of a child and/or the care of a child. 29 U.S.C. §2601(b)(2); *Vicioso v Pisa Brothers, Inc.*, 1998 WL 355415, at *1 (S.D.N.Y. July 1, 1998). The FMLA entitles an eligible employee to take a total of twelve (12) weeks <u>unpaid</u> work leave in order to take care of a child. *Id.* Under the FMLA, an employer is prohibited from denying or interfering with an employee's FMLA guaranteed rights by either discharging or discriminating against an eligible employee who exercises such FMLA rights. 29 U.S.C. §2615(a); *Vicioso*, 1998 WL 355415, at *1   The FMLA also precludes employers from retaliating against an employee for filing charges or initiating a proceeding relating to that employee's FMLA rights. 29 U.S.C. §2615(b).

6

In order to state a claim under the FMLA, a plaintiff must plead facts showing the following: (1) the individual is an eligible employee under the FMLA; (2) the employer is an employer as defined under the FMLA; (3) the employee is entitled to leave under the FMLA; and (4) the employee gave notice to the employer of his or her intention to take leave as defined in the FMLA. *Vicioso,* 1998 WL 355415, at *2. The FMLA's notice requirement provides that employees are required, when possible, to give at least thirty (30) days notice to the employer before taking unpaid FMLA leave. Although the employee requesting FMLA leave need not specify that the leave requested is pursuant to the FMLA, the employee shall at least provide verbal notice sufficient to make the employer aware that the employee needs FMLA qualifying leave, the anticipated timing of the leave, and the duration of the leave. *Id.,* at *4; 29 CFR §825.302(c).

The allegations in Defendant's Counterclaim fail to adequately allege that Defendant ever made a request for unpaid FMLA leave to Plaintiffs. Defendant's Counterclaim asserts nothing more than that she "objected" to coming into the office on a single day, despite her agreement with FOG to do so a few days a week in order to continue paid maternity leave.

Nor do the allegations in Defendant's Counterclaim indicate that she provided Plaintiffs with any notice, much less the suggested thirty (30) days notice under the FMLA, that she wanted to take FMLA qualifying unpaid leave. In addition, there is not a single allegation in Defendant's Counterclaim that she informed any of the Plaintiffs of either the timing or duration of the alleged FMLA leave Defendant requested.

To the contrary, Defendant specifically requested of FOG that she not be forced to take unpaid maternity leave as provided for in the FMLA. Rather, Defendant requested that she be allowed to continue working after the birth of her newborn child, and Defendant entered into an

7

agreement to that effect with FOG. Rosenthal Aff., at Exhibits "A" and "B". Such basic pleading failures by Defendant regarding a FMLA cause of action require dismissal of Defendant's FMLA-based Counterclaim.

Even if Defendant could allege satisfactory, timely notice to Plaintiffs of her desire to take FMLA leave, which she cannot, Defendant's Counterclaim under the FMLA fails to state a cause of action against any of the Plaintiffs because she fails to allege that any of the Plaintiffs interfered with or discriminated against her for exercising FMLA rights.

In order to state a cause of action for interference with benefits under the FMLA (29 U.S.C. §2615(a)(1)), a plaintiff must establish and allege that: (1) she is an eligible employee; (2) she was entitled to take leave under the FMLA; (3) she gave notice to defendants of her intention to take leave; and (4) defendants denied her the benefits to which she was entitled under the FMLA. *Sabatino v. Flik International Corp.*, 286 F.Supp.2d 327, 335 (S.D.N.Y. 2003); *Eckert v. United Automobile Workers, Local Union 897*, 2005 WL 2126295, at *9 (W.D.N.Y. Sept. 1, 2005); *Spurlock v. NYNEX*, 949 F.Supp. 1022, 1033-34 (W.D.N.Y. 1996); *Redhead v. Conf. of Seventh Day Adventist*, 440 F.Supp.2d 211, 224 (E.D.N.Y. 2006).

In addition to her failure to allege FMLA notice to Plaintiffs in this instance, there is not a single allegation in Defendant's Counterclaim indicating that any of the Plaintiffs were the persons who allegedly denied Defendant benefits to which she was entitled to under the FMLA. There is not a single allegation in Defendant's Counterclaim as to any acts by Plaintiffs that could possibly be construed as denying Defendant benefits entitled to under the FMLA. Rather, Defendant alleges only that non-party GRC supposedly terminated her for "insisting on her maternity rights". Rosenthal Aff., Exhibit "E", at ¶14.

Furthermore, Defendant does not allege in her Counterclaim that any of the Plaintiffs took any actions to deny Defendant her FMLA rights. Indeed, such alleged conduct by Plaintiffs would be patently impossible given that Defendant does not allege she _ever_ requested FMLA _unpaid_ maternity leave, much less made such a request to Plaintiffs. It is beyond comprehension how Plaintiffs could have denied Defendant certain FMLA rights when Defendant does not allege she _requested_ unpaid FMLA leave, or informed Plaintiffs of such alleged request.

More importantly, however, Defendant cannot allege or show, as a matter of law, that any of the Plaintiffs denied her benefits to which she was entitled under the FMLA. This is because as conclusively demonstrated above through documentary evidence, Defendant _never_ requested FMLA leave. Instead, Defendant _specifically_ requested that FOG _not_ force her to take the _unpaid_ maternity leave provided for under the FMLA. In fact, Plaintiff FOG spent considerable time and resources setting up facilities at Defendant's home in order to accommodate her request to work from home during the period of her _paid_ maternity leave so that Defendant would not have to take _unpaid_ FMLA leave. It is highly ironic that Defendant now, for the first time, alleges some requested rights under the FMLA, when Defendant _specifically_ informed FOG that she _did_ _not_ want to be forced to take the twelve (12) weeks of _unpaid_ maternity leave provided for under the FMLA.

Furthermore, the fact that while out on _paid_ maternity leave, FOG requested that Defendant come into the office on a single day (as alleged by Defendant), is not a denial of FMLA rights. To the contrary, such request (as alleged by Defendant) was entirely consistent with her agreement with FOG in which she specifically agreed to come into the office two (2) days a week.

Nor has Defendant alleged facts sufficient to assert a cause of action for retaliation under the FMLA. In order to properly allege a retaliation claim pursuant to the dictates of the FMLA, a plaintiff must allege as follows: (1) that she exercised rights protected under the FMLA; (2) she was qualified for the position at issue; (3) she suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent on the part of the defendant. *Geronamos v. Columbia University*, 322 F.Supp.2d 420, 433 (S.D.N.Y. 2004).

Defendant has failed to state a cause of action against Plaintiffs for retaliation under the FMLA because she <u>does</u> not <u>allege</u> that she <u>ever</u> exercised rights protected under the FMLA. Nor can she. As described above, Defendant <u>never</u> requested FMLA leave, and never placed non-party GRC, much less the Plaintiffs, on notice <u>required</u> of her to take such <u>unpaid</u> leave. Quite the contrary. Defendant specifically requested that she <u>not</u> be forced to take <u>unpaid</u> maternity leave as is her right under the FMLA.

Furthermore, Defendant fails to allege that FOG or any of the other Plaintiffs terminated her for insisting on rights under the FMLA. Rather, Defendant only <u>alleges</u> in an amorphous manner that Plaintiffs <u>conspired</u> to deny her such rights. Defendant specifically fails to allege in the Counterclaim <u>any acts</u> that Plaintiffs took that could possibly be construed as an adverse employment action.

Finally, Defendant fails to allege, and cannot show, any adverse employment action by Plaintiffs under circumstances giving rise to an inference of retaliatory intent. Instead, the circumstances surrounding Defendant's termination from FOG clearly warranted such dismissal: (1) Defendant was out on paid maternity leave as requested; (2) Defendant via telephone from her home, made numerous inappropriate remarks about Graf and Kunak at a meeting with other

10

### 2. Defendant's Counterclaim Must be Dismissed Because She has Failed to Exhaust her Administrative Remedies.

Even if the Court were to find that Defendant's conclusory, non-specific allegations in her Counterclaim placed Plaintiffs on notice of the conduct alleged, Defendant cannot pursue causes of action under Federal discrimination laws against Plaintiffs because she has failed to exhaust her administrative remedies.

It is well established that filing a timely charge with the EEOC (while not considered as a jurisdictional prerequisite to a discrimination suit under Federal law), is a condition precedent to bringing claims under Federal discrimination acts, like Title VII, the ADA or the Pregnancy Discrimination Act ("PDA"). *Curto v Edmunson*, 392 F.3d 502, 503 (2nd Cir. 2004); *Spurlock*, 949 F.Supp., at 1026. A Court may only hear Title VII and other similar Federal discrimination causes of action if allegations of such discrimination are included in a previously-filed EEOC complaint or are based upon conduct subsequent to the EEOC charge which is reasonably related to the EEOC charge. *Id.*, at 1027. This exhaustion requirement is designed to give the administrative agency oversight of such charges and the opportunity to investigate, mediate, and take remedial action to encourage the settlement of discrimination disputes through conciliation and voluntary compliance. *Id.* "If a complainant can litigate a claim not previously presented to and investigated by the EEOC, then the exhaustion element of Title VII's statutory scheme and those of other Federal discrimination causes of action could be easily circumvented." *Id.*; *see also Brodie v. NYC Transit Auth.*, 1998 U.S.Dist. Lexis 14129, at *14-15 (S.D.N.Y. Sept. 1998); *Clark v. Flushing Manor Care Ctr*, 2003 U.S.Dist. Lexis 3979, at *8 (S.D.N.Y. March 18, 2003).

In this matter, Defendant <u>cannot</u> assert or allege exhaustion of administrative remedies as to any of the Plaintiffs because she has only <u>just now</u> filed a Complaint with the EEOC. <u>See</u> Rosenthal Aff., at Exhibit "D". The EEOC investigation into Defendant's Complaint is presently ongoing. The EEOC has <u>not</u> made a determination as to Defendant's Complaint, much less issue Defendant a "notice of right to sue" letter required before Defendant can initiate suit under Federal discrimination laws. Thus, Defendant is precluded from bringing any possible cause of action she might have had under Title VII, the ADA or the Pregnancy Discrimination Act due to her failure to first exhaust her administrative remedies.

### D. Defendant's Counterclaim Fails To State A Claim Against Graf And Kunak Under Title VII, The ADA, Or The PDA.

In addition to the many other deficiencies in her Counterclaim, Defendant has no causes of action under Title VII, the ADA or the PDA against Plaintiffs Graf and Kunak even if she had exhausted her administrative remedies. It is unquestioned law within the Second Circuit and New York Courts that individuals are not subject to liability under Title VII, the ADA or the PDA. *Wrighten v Glowski*, 232 F.3d 119, 120 (2nd Cir. 2000); *Garcia v New York State*, 2005 WL 258126 (S.D.N.Y. Oct. 11, 2005). Thus, any Title VII, ADA or PDA claims Defendant might be asserting against Plaintiffs Graf and Kunak must be dismissed.

### E. Defendant Has Failed To State A Cause Of Action Against FOG Under Title VII.

Similar in nature to the pleading failures in her Counterclaim against Plaintiffs Graf and Kunak, Defendant fails to adequately allege a cause of action under Title VII against FOG. It is the *sin quo non* of gender discrimination claims of any sort under Title VII that the alleged discrimination must be because of an individual's sex/gender. *Leibovitz v NYC Transit Auth.,*

252 F.3d 179, 189 (2nd Cir. 2001); *Oncale v. Sundowner Offshore Services, Inc.*, 423 U.S. 75, 82 (1998) (Thomas, J., concurring). Failure to plead that a plaintiff's sex/gender was the driving force behind a defendant's alleged acts of discrimination requires dismissal of any asserted Title VII claim.

Defendant has failed to include in her Counterclaim a single allegation that FOG discriminated against her based upon her gender. Nor does her Counterclaim contain a single allegation that similarly situated male FOG employees were granted unpaid FMLA leave, or treated in a manner dissimilar to Defendant. Indeed, FOG made a <u>generous accommodation</u> to Defendant, at her request, to allow her to retain her <u>paid</u> position during maternity leave, to allow her to work from home 2-3 days a week, and to set up computer and communications hardware at Defendant's home to allow her to work from home during this period. Therefore, because Defendant does not allege that her gender was the reason for the treatment accorded her by FOG, any Title VII discrimination claim Defendant is alleging against FOG must be dismissed.

Defendant also has no cause of action against FOG under Title VII for retaliation. To state a claim of retaliation under Title VII, a plaintiff must allege the following: (1) an individual participated in protected activity known to an alleged retaliator; (2) a retaliator took an employment action disadvantaging the individual; and (3) there exists a causal connection between the protected activity and the adverse action. *Feingold v. New York*, 366 F.3d 138, 156 (2nd Cir. 2004); *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 713 (2nd Cir. 1996).

As described above, Defendant's Counterclaim fails to allege her participation in any protected activity; Defendant simply fails to allege that she ever <u>actually</u> requested FMLA <u>unpaid</u> maternity leave, or that she ever placed Plaintiffs on notice of such a request. Nor has Defendant alleged a single act by Plaintiffs disadvantaging her. Instead, Defendant alleges only

14

that non-party GRC sought to terminate her, and that Plaintiffs "conspired" to deny her unspecified rights. Moreover, Defendant fails to allege any facts that could be inferred as a causal connection between the protected activity in adverse employment actions. Nor can she. It is clear that the basis for Defendant's termination was her inappropriate conduct and remarks during a meeting of FOG employees, her failure to apologize for her inappropriate remarks, and her numerous breaches of fiduciary duty through inappropriate business contacts with FOG's clientele. Thus, the allegations in Defendant's Counterclaim are clearly deficient to state a cause of action for retaliation by FOG pursuant to Title VII.

**F.    Defendant Has Failed To Allege A Cause Of Action Under The ADA Against Plaintiff FOG.**

As with her Title VII cause of action, Defendant has failed to state a cause of action against Plaintiff FOG under the ADA as a result of her pregnancy and any alleged conduct by FOG regarding her pregnancy. (Case law clearly indicates that pregnancy is <u>not</u> a disability as provided for under the ADA, and an individual has no cause of action under the ADA solely as a result of being pregnant.) *Foster v Livingston-Wyoming Ark*, 2004 WL 1884485, at *2 (W.N.Y. August 23, 2004); *Moawad v Rx Place, F.W*, 199 WL 342759, at *6, n. 3, *7 (E.D.N.Y. May 27, 1999); *Lehmuller v Incorporated Village of Sag Harbor*, 944 F.Supp. 1087, 1093-94 (E.D.N.Y. 1996).

In her Counterclaim, Defendant Colon does not allege that she had any difficulties with her pregnancy which would cause her to fall within the definition of disabled under the ADA. Thus, any counterclaim Defendant Colon is alleging, or might have alleged against FOG under the ADA as a result of her being pregnant, must be dismissed.

### G. Defendant Has Failed To Allege A Cause Of Action Against Plaintiffs Under NYSEL §296.

As previously demonstrated, Defendant's almost non-existent allegations fail to adequately place Plaintiffs on notice of what conduct she is alleging. Even if the Court finds otherwise, Defendant's Counterclaim does not state a cause of action for discrimination or retaliation under New York State Executive Law §296 ("NYSEL §296"). First, several New York Courts have found that individuals are not liable under NYSEL §296. *Trovato v Air Express Int*, 238 A.D.2d 333, 655 N.Y.S.2d 656, 657 (2nd Dept. 1997); *Layaou v. Xerox Corp.*, 298 A.D.2d 921, 748 N.YS.2d 85 (4th Dept. 2002).

Even those courts in New York that have allowed claims against individuals under NYSEL to go forward have required that there exist allegations of <u>actual, direct</u> participation in the alleged discrimination or retaliation. *Giminiani v City of Albany*, 2005 WL 2039197, at *8 (N.D.N.Y. Aug. 24, 2005); *Mitra v State Bank of India*, 2005 WL 2143140, at *3 (S.D.N.Y. Sept. 6, 2005); *Thomas v Ram Equities, Inc.*, 800 N.YS.2d 358 (Sup. Ct. Queens Co. Feb. 3, 2005).

In this instance, Defendant's Counterclaim is devoid of any allegations that FOG, much less Graf and Kunak, participated <u>directly</u> in any gender-based discrimination or any retaliation against Defendant. Instead, in conclusory fashion, Defendant alleges that Plaintiffs "conspired" to deny her unspecified rights. These conclusory allegations of non-direct, non-participatory conduct by FOG, Graf and Kunak are simply insufficient to state a claim of gender discrimination or retaliation against any of the Plaintiffs.

## CONCLUSION

Due to the glaring pleading deficiencies in Defendant's Counterclaim in this matter, Plaintiffs respectfully request that the Court grant Plaintiffs' motion to dismiss Defendant's Counterclaim in its entirety together with such other and further relief as this Court deems just and proper.

Dated: White Plains, New York
July 23, 2007

HARRINGTON, OCKO & MONK, LLP

By: _____
        Kevin J. Harrington
        John T.A. Rosenthal
        *Attorneys for Plaintiffs*
        81 Main Street, Suite 215
        White Plains, NY 10601
        (914) 686-4800

To:    Roy A. McKenzie, Esq.
       *Attorneys for Defendant*
       641 Lexington Avenue, 20th Floor
       New York, NY 10022
       (212) 832-3696

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------x    Index No.: 23329/06
PETER GRAF and NANCY KUNAK,

                                   **AFFIDAVIT OF SERVICE**

                  Plaintiffs,


        - against -


PAOLA B. COLON,

                  Defendant.

-------------------------------------------------------------------x

STATE OF NEW YORK         )
                           ) ss.:
COUNTY OF WESTCHESTER   )

       Susan Glenn, being duly sworn, deposes and says:  I am not a party to this action, over 18 years of age, and reside in Dutchess County, New York.

       On July 23, 2007, deponent served the within Plaintiffs' Memorandum of Law in Support of Motion to Dismiss Defendant's Counterclaim upon:

                    Roy A. McKenzie, Esq.
              641 Lexington Avenue, 20th Floor
                New York, NY  10022

by depositing a true copy thereof in a post-paid wrapper, in an official depository under the care and custody of the United States Postal Service within the State of New York.

                                    *Susan Glenn*
                                    Susan Glenn

Sworn to before me this
23rd day of July, 2007

*Shirley B. Thornton*
SHIRLEY B. THORNTON
Notary Public, State of New York
No. 01TH6029394
Qualified in Westchester County
Commission Expires August 16, 2009