EXHIBIT "P"

UNITED STATES DISCTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---

PAOLA B. COLON ,

Plaintiff,

-against-

GRAF REPETTI & CO., LLP and
FAMILY OFFICE GROUP, LLC,

Defendants.

COMPLAINT
Index No.: 07cv9572 (RPP)

---

PAOLA B. COLON, the plaintiff herein, complaining of the defendants GRAF

REPETTI & CO., LLP and FAMILY OFFICE GROUP, LLC, alleges:

## INTRODUCTION

1.  This is a maternity rights discrimination action against Graf Repetti & Co., LLP

    ("GRC") and Family Office Group, LLC ("FOG").   On information and belief GRC

    wholly owns FOG.  The plaintiff demands trial by jury.

## JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. ¶ 1331 (federal

    question jurisdiction) since this action arises under the Constitution and laws of the

    United States.

3.  The United States Equal Employment Opportunity Commission on September 18,

    2007 issued to the plaintiff a Notice of Right to Sue the defendants, a copy of which

    is attached.  This action is timely.

4.  Venue is proper pursuant to 28 U.S.C. ¶ 1391(b), since all defendants reside in this

    judicial district.

**PARTIES**

5.  The plaintiff Paola Colon is a former employee of the defendants, who resides in Rahway, New Jersey.

6.  On information and belief, GRC is a limited liability partnership, and FOG is a limited liability company, operating in the State of New York, in the business of providing accounting and related services to the public. Their principal place of business is located in the City and State of New York. On information and belief, the defendant FOG is wholly owned by the defendant GRC.

**FACTS**

7.  For over six years, Ms. Colon worked as a full time employee of the defendants, performing bookkeeping and related duties.

8.  During the time Ms. Colon was working for the defendants, the defendants conducted a campaign of sexual hazing and aggression against its female employees, and otherwise created a hostile work place.

9.  On or about October 19, 2006, the defendants ordered Ms. Colon to come into work even though the defendants knew she was nurturing her one-month old baby at home.

10. Ms. Colon refused to leave her child on that day.

11. In retaliation for Ms. Colon insisting on her maternity rights, after Ms. Colon refused to leave her child, the defendants terminated her from work on a false claim that Ms. Colon allegedly slandered two of defendants' employees and that she allegedly breached her fiduciary duty as an employee.

12.    The defendants then brought an action in state court, with the sole aim of forcing Ms.
Colon to expend substantial sums in defending against such frivolous actions, further
violating her rights to nurture her child

13.    As a further part of the defendants' scheme to punish Ms. Colon for insisting on her
rights as a mother, the defendants illegally held and continue to hold salary and
benefit payments that are due to Ms. Colon.

## FIRST CLAIM FOR RELIEF:

### Section 105 (a) of the Family and Medical Leave Act
(29 U.S.C. ¶ 2611 et seq.)

14.    The defendants interfered with, restrained, or denied the exercise of or the attempt to
exercise Ms. Colon's rights to stay home with her baby. The defendants also
discharged and discriminated against Ms. Colon for opposing a practice made
unlawful by the act: prohibiting her from staying home with her child.

15.    Damages are claimed in an amount to be proven at trial.

16.    In addition, the defendants' acts constitute a gross, wanton and willful fraud and
morally culpable conduct so outrageous as to evince a high degree of moral turpitude
and showing such dishonesty as to imply criminal indifference to civil obligations.
Punitive damages are demanded in an amount to be proven at trial, but estimated to
be in excess of $10,000,000.00.

## SECOND CLAIM FOR RELIEF:

### Section 703 (a)(1) of Title VII of the Civil Rights Act of 1964
(42 U.S.C. ¶ 2000e-2)

17.    The defendants discharged Ms. Colon and otherwise discriminated against her with
respect to the terms, conditions or privileges of her employment because of her sex.

3

18.   Damages are claimed in an amount to be proven at trial.

19.   In addition, the defendants' acts constitute a gross, wanton and willful fraud and morally culpable conduct so outrageous as to evince a high degree of moral turpitude and showing such dishonesty as to imply criminal indifference to civil obligations. Punitive damages are demanded in an amount to be proven at trial, but estimated to be in excess of $10,000,000.00.

### THIRD CLAIM FOR RELIEF:

**Section 102 (a) of Title I of the Americans with Disabilities Act of 1990**
(42 U.S.C. ¶ 12101 et seq.)

20.   The defendants discriminated against Ms. Colon with respect to her maternity status in regard to her discharge and other terms, conditions and privileges of employment.

21.   Damages are claimed in an amount to be proven at trial.

22.   In addition, the defendants' acts constitute a gross, wanton and willful fraud and morally culpable conduct so outrageous as to evince a high degree of moral turpitude and showing such dishonesty as to imply criminal indifference to civil obligations. Punitive damages are demanded in an amount to be proven at trial, but estimated to be in excess of $10,000,000.00.

WHEREFORE, with respect to each of her claims for relief Ms. Colon respectfully demands judgment against the defendants for damages in an amount to be proven at trial, and for punitive damages in an amount to be proven at trial, but estimated to be in excess of $10,000,000.00;

4

plus Ms. Colon's attorney's fees and costs of this action.

New York, New York
October 23, 2007


Roy A. McKenzie
RAM 6670
Attorney for the plaintiff
641 Lexington Avenue, 20th floor
New York, New York 10022
(212) 382-3696

5

EEOC Form 161-B (10/96)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: Paola B. Colon<br>c/o Roy A. McKenzie, Esq.<br>641 Lexington Avenue, 20th Floor<br>New York, N.Y. 10022 | From:<br>Equal Employment Opportunity Commission<br>New York District Office<br>33 Whitehall Street, 5th Floor<br>New York, New York 10004-2112 |

[     ]    *On behalf of person(s) aggrieved whose identity is*
          *CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2007-02244 | Esther Gutierrez | (212) 336-3756 |

*(See also the additional information attached to this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[     ]    More than 180 days have passed since the filing of this charge.

[  X  ]    Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[  X  ]    The EEOC is terminating its processing of this charge.

[     ]    The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[     ]    The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[     ]    The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____                         9/18/2007

Spencer H. Lewis, Jr., District Director                  *(Date Mailed)*

Enclosure(s)

cc:    Respondent(s): Graf Repetti & Co., LLP              Family Office Group, LLC
       1114 Avenue of the Americas              1114 Avenue of the Americas
       New York, N.Y. 10036                New York, N.Y. 10036

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern _____ District of _____ New York

PAOLA B. COLON

**SUMMONS IN A CIVIL ACTION**

V.

GRAF REPETTI & CO., LLP and
FAMILY OFFICE GROUP LLC

CASE NUMBER:

# 07 CIV 9572

# JUDGE PATTERSON

TO: (Name and address of Defendant)

Family Office Group LLC
1114 Avenue of the Americas
New York, New York 10036

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Roy A. McKenzie
641 Lexington Avenue, 20th floor
New York, New York 10022

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

OCT 2 6 2007

CLERK _____    DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |

| NAME OF SERVER *(PRINT)* | TITLE |
|---|---|

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                        Date                              *Signature of Server*

_____
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.