UNITED STATES DISCTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

_____

PAOLA B. COLON ,

                      Plaintiff,                  Civil Action No.: 07-9572

    -against-

GRAF REPETTI & CO., LLP and
FAMILY OFFICE GROUP, LLC,            Hon. Robert P. Patterson, Jr.

                      Defendants.

_____

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO THE DEFENDANTS' MOTION TO DISMISS**

**Roy A. McKenzie**
**RAM 6670**
Attorney for the plaintiff
641 Lexington Avenue, 27th floor
New York, New York 10022

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................ ii

INTRODUCTION .......................................................................................................... 1

ARGUMENT .................................................................................................................. 1

    I.    THIS COURT HAS SUBJECT MATTER JURISDICTION
         OVER MS. COLON'S DISCRIMINATION CLAIMS .................................. 1

        A.    The State Court opinions relied on by the defendants
            fail to support any claim that this Court lacks subject
            matter jurisdiction .................................................................................. 1

        B.    Defendants have no good faith basis for a
            Rooker-Feldman claim ........................................................................... 4

        C.    Collateral estoppel does not apply .......................................................... 5

    III.    MS. COLON STATES A CAUSE OF ACTION UNDER
         FMLA AND TITLE VII ................................................................................ 6

        A.    Ms. Colon should be granted summary judgment
            on her FMLA claim ................................................................................ 7

        B.    Ms. Colon states a cause of action under Title VII ................................ 9

CONCLUSION ............................................................................................................... 10

## **TABLE OF AUTHORITIES**

City of New York v. Welsbach Elec. Corp., --- N.E.2d ----, 9 N.Y.3d 124,
    2007 WL 3070887 (N.Y. 2007)      5

Goldman v. Metropolitan Life Ins. Co., 5 N.Y.3d 561, 841 N.E.2d 742,
    807 N.Y.S.2d 583 (2005)      3

Green v. New York City Health and Hosp. Corp. Slip Copy, 2008 WL
    144828 (S.D.N.Y. 2008)      9

Groden v. Random House, Inc., 61 F.3d 1045, 1052 (2d Cir. 1995)      7

Minott v. Port Authority of N.Y. and N.J., 116 F.Supp. 2d 513, 525
    (S.D.N.Y. 2000)      6

Patane v. Clark 508 F.3d 106 (2d Cir. 2007)      9, 10

Phelps v. Kapnolas, 308 F.3d 180 (2d Cir. 2002)      6

Sakhrani v. Deutsche Bank Trust Co. Americas, 2006 WL 1876661
    (Not Reported in F.Supp.2d) (S.D.N.Y. 2006) (Patterson, J.)      4

Towley v. King Arthur Rings, Inc., 40 N.Y.2d 129, 351 N.E.2d 728,
    386 N.Y.S.2d 80 (1976)      6

U.S. v. Owens, 54 F.3d 271, 274 (6th Cir. 1995)      5

Vos v. City of New York, 234 A.D.2d 70, 650 N.Y.S.2d 234,
    (1st Dep't 1996)      5

# INTRODUCTION

Paola Colon commenced this action pursuant to Section 105(a) of the Family and Medical Leave Act ("FMLA"), Section 703(a)(1) of Title VII of the Civil Rights Act of 1964 ("Title VII"), and Section 102(a) of Title I of the American with Disabilities Act of 1990. In it she claims that while on maternity leave she was ordered by the defendants to come in to work even though the defendants knew she was nurturing her then one-month old baby at home, that she refused, and that in retaliation for asserting her maternity rights the defendants fired her from work on a pretext, started a frivolous law suit against her, and illegally withheld her wages. Complaint at pars. 9-13.

The defendants now move to dismiss Ms. Colon's complaint. They argue that: a) this court lacks subject matter jurisdiction because Ms. Colon's action is barred by the <u>Rooker-Feldman</u> doctrine and collateral estoppel, and b) the complaint fails to state a cause of action.

The defendants' claims are completely without merit, and their motion should be denied. Moreover, based on the defendants' admission Ms. Colon should be granted summary judgment on four of the five elements of her FMLA claim.

# ARGUMENT

II.   **THIS COURT HAS SUBJECT MATTER JURISDICTION OVER MS. COLON'S DISCRIMINATION CLAIMS**

    A.   **The State Court opinions relied on by the defendants fail to support any claim that this Court lacks subject matter jurisdiction**

The defendants' subject matter jurisdiction argument relies entirely on an ongoing New York State Supreme Court action, <u>Peter Graf, Nancy Kunak and Family Office Group, LLC v. Paola B. Colon</u>, Index No. 23329/06 (Sup. Ct. Westchester Co.) (the "State Court Action").

1

The State Court Action was originally brought by Peter Graf and Nancy Kunak, employees of the defendants, and alleged slander, <u>slander per se</u> and infliction of emotional distress claims against Ms. Colon.[1] The defendant Family Office Group ("FOG") later appeared as an additional plaintiff, and the Complaint was amended to include claims of breach of fiduciary duty and tortious interference with contract.[2]

Ms. Colon contends that the State Court Action, commenced only a few weeks after she asserted her maternity rights, is frivolous, and a pretext to punish Ms. Colon for asserting those rights.

No trial has been had on the issues in that action, and no final judgment has been rendered. The defendants insist nonetheless that portions of two opinions in the State Court Action bar Ms. Colon from pursuing her present claims against them. A mere perusal of the two opinions lead inescapably to the conclusion that the opinions have no <u>Rooker–Feldman</u> or collateral estoppel effect.

    1.    Opinion No. 1—that Graf Repetti & Co. ("GRC") was not a <u>proper party to the State Court Action—does not act as a bar</u>

The first opinion relied on by the defendants was entered by the State Court on May 7, 2007, and is attached as Exhibit L to the defendants' motion. Prior to filing her answer, Ms. Colon moved to dismiss the State Court Action for failing to name GRC as a necessary party. In denying this relief, the Court opined:

---

[1] Ms. Kunak and Mr. Graf allege that on November 15, 2006, a month after Ms. Colon refused to leave her child and come to work as ordered, during a company administrative meeting in which Ms. Colon was present by phone, Ms. Colon stated that Ms. Kunak "danced on the tables" at a party, and that Ms. Kunak "flashed her boobs" at Mr. Graf at a prior office party. Ms. Colon denies both statements. Complaint at pars. 11-12, attached as Exhibit D to the defendants' motion.

[2] FOG claims that Ms. Colon, while on maternity leave, solicited FOG clients. Ms. Colon denies the claim. Verified Amended Complaint, attached as Exhibit F to the defendants' motion.

> [P]erusal of the amended complaint demonstrates that complete relief can be accorded between the parties without GR&C as a named plaintiff. . . given the allegations set forth in the pleading, which are supported herein by an affidavit from Shera Haliczer, Director of Human Resources for Family Office Group, LLC ("FOG") that defendant, at the relevant time, had worked exclusively for FOG and that her duty of loyalty had been to said entity. . . . [T]o the extent that defendant believes that she has a claim against GR&C . . . she of course may commence a proper third-party action impleading said entity.

May 7 2007 Opinion at 2 (emphasis added).

In New York, "[w]hen determining a motion to dismiss, the court must "'accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'". Goldman v. Metropolitan Life Ins. Co., 5 N.Y.3d 561, 841 N.E.2d 742, 807 N.Y.S.2d 583, 586 (2005).

The State Court, as required in a motion to dismiss, relied entirely on the amended complaint and a self-serving affidavit of an employee of the defendants. The court was not required to, and never did, make a factual determination.

The Court also concluded that Ms. Colon could commence a proper action against GRC.

> 2. Opinion No. 2—that Ms. Colon's counterclaim against FOG was dismissed—does not act as a bar

Ms. Colon also raised in her answer a counterclaim against FOG. She claimed that she was entitled to damages since "[t]he sole purpose of [the State Action] is to pressure [her], who has recently given birth, to forego her rights to time off to nurture her child under the Family and Medical Leave Act and other statutes." Answer at par. 14.

The plaintiffs in the State Action sought to dismiss the counterclaim. In an opinion entered by the State Court on September 26, 2007, attached as Exhibit O to the defendants'

3

motion, the Court first noted that Ms. Colon consented to the dismissal. September 26, 2007 Opinion at 1. In spite of Ms. Colon's consent, the Court went on to state that 1) Ms. Colon "failed to state a viable cause of action under the Federal [sic] Medical Leave Act" and 2) unspecified "documentary evidence" supported a finding that "no such claim exists." Id. at 1-2.

Again the Court decided the motion without calling a hearing of the issue. The context of the motion—Ms. Colon's voluntarily agreeing to withdraw the counterclaim--did not demand a hearing.

The Court's objection may have been a procedural one. Ms. Colon's Notice of Right to Sue from the Equal Employment Opportunity Commission (the "Right to Sue Letter"), a copy of which is attached to her Complaint in this action, did not issue until September 18, 2007, three days before the State Court opinion, and was not presented to the State Court.

Neither of the opinions relied on by the defendants on their face support a claim that this Court lacks subject matter jurisdiction. No hearings were held, and the context of the opinions indicated that no hearings were required. Moreover, the first opinion concluded that in the proper context Ms. Colon could sue GRC. In addition, the State Court may have reached its conclusion in the second opinion—that Ms. Colon had no claim against FOG under the FMLA—for purely procedural reasons, since the Right to Sue Letter was never presented to the State Court.

    **D.**    **Defendants' have no good faith basis for a Rooker-Feldman claim**

As this Court recently stated in Sakhrani v. Deutsche Bank Trust Co. Americas, 2006 WL 1876661*3 (Not Reported in F.Supp.2d) (S.D.N.Y. 2006) (Patterson, J.):

> The Second Circuit has recently stated [in Hoblock v. Albany County Board of Elections, 42 F.3d 77 at 85, 89 (2d Cir. 2005)] the elements of ***Rooker***-*Feldman* as:

4

      1. Plaintiff is claiming injuries caused by the State Court judgment against Plaintiffs;

      2. Plaintiff's Complaint seeks district court review and rejection of the State Court judgment;

      3. The State Court judgment was rendered before the federal action was commenced; and

      4. The parties to the state and federal suits must be the same.

There is no judgment in the State Court Action; the action has not yet even proceeded to trial. In the absence of a judgment, the doctrine may not apply. See U.S. v. Owens, 54 F.3d 271, 274 (6th Cir. 1995) ("the [Rooker-Feldman] doctrine may not bar a party against whom there is no state court judgment").

Moreover, there is no identity of parties. While FOG and Ms. Colon are parties in the State Court Action, GRC was not a party, and several State Court Action parties—Ms. Kunak and Mr. Graf—are not parties to the present action.

      **C.**     **Collateral estoppel does not apply**

The collateral estoppel doctrine applies only "if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the plaintiff had a full and fair opportunity to litigate the issue in the earlier action." City of New York v. Welsbach Elec. Corp., --- N.E.2d ----, 9 N.Y.3d 124, 2007 WL 3070887*2 (N.Y. 2007). In addition, "[t]he rule is clear that in order for collateral estoppel to apply there must be a valid final judgment." Vos v. City of New York, 234 A.D.2d 70, 650 N.Y.S.2d 234, 235 (1st Dep't 1996). Finally, a court's opinion has no collateral estoppel effect.

> The court's opinion is a statement of the reasons on which the judgment rests . . . [O]nly what a court adjudicates, not what it says in an opinion . . . has any direct legal effect[.]

5

Towley v. King Arthur Rings, Inc., 40 N.Y.2d 129, 351 N.E.2d 728, 386 N.Y.S.2d 80, 82 (1976).

The two State Court opinions, coming well before a final judgment, have no collateral estoppel effect. Moreover, as discussed above, GRC's status was never finally decided in the State Court—the State Court made a preliminary decision on a motion to dismiss. The State Court also concluded that Ms. Colon could sue GRC in another action. The State Court's opinion on whether FOG can be sued under the FMLA may have been a procedural, rather than substantive, decision, since Ms. Colon's Right to Sue letter was not presented to the State Court.

IV. **MS. COLON STATES A CAUSE OF ACTION UNDER FMLA AND TITLE VII**[3]

A motion to dismiss under FRCP 12(b)(6)

> . . . is improper "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957. In deciding whether a complaint states a claim, a "court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994). The fundamental issue at the dismissal stage "is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleading that a recovery is very remote and unlikely but that is not the test." Chance, 143 F.3d at 701 (quoting Branham v. Meachum, 77 F.3d 626, 628 (2d Cir. 1996); further citation and internal quotation marks omitted).

Phelps v. Kapnolas, 308 F.3d 180, 184-85 (2d Cir. 2002).

---

[3] Ms. Colon concedes that her Americans with Disability Act ("ADA") claim should be dismissed, since under the current state of the law, childbirth is not considered a permanent disability that would qualify for ADA protection. See Minott v. Port Authority of N.Y. and N.J., 116 F.Supp. 2d 513, 525 (S.D.N.Y. 2000).

6

The defendants punishing Ms. Colon for insisting on her maternity rights states a cause of action under FMLA and Title VII. Moreover, in light of the defendants' admission, partial summary judgment should be granted on Ms. Colon's FMLA claim.

  **C.**  **Ms. Colon should be granted summary judgment on her FMLA claim**

A district court may convert a motion to dismiss into a summary judgment motion provided that the court gives "sufficient notice to an opposing party and an opportunity for that party to respond." Groden v. Random House, Inc., 61 F.3d 1045, 1052 (2d Cir. 1995).

The defendants admit to a Personal Action Form signed by a Managing Partner of both defendants granting Ms. Colon "[a] maximum of 12 weeks off . . . for maternity leave."[4] Yet in spite of their own admission to the contrary, the defendants incredulously argue that "Plaintiff cannot meet her *prima facie* burden because she did not give notice of her intention to exercise her rights under the FMLA."[5]

The Personal Action Form constitutes an admission of most of the elements of Ms. Colon's FMLA claim. Summary judgment should be granted based on the defendants' admission.

  1.  The elements of an FMLA claim

The defendants concede at page 15 of their Memorandum of Law, that five elements are required for an FMLA claim:

1. that Ms. Colon is an "eligible employee" under the Act;

2. that defendants are an "employer";

3. that she was entitled to leave;

---

[4] Graf Repetti & Co., LLP and Family Office Group, LLC Personal Action Form at 1, attached as Exhibit B to the defendants' Motion (emphasis added).
[5] Defendants' Memorandum at 15-16 (emphasis added).

7

    4.    that she gave notice of her intention to take leave; and

    5.    that the defendants denied her benefits to which she would be entitled under the Act.

FMLA 105(a) (1), 29 U.S.C.A. 2615(a)(1).

    2.    <u>The defendants admit four FMLA elements</u>

In the Personal Action Form the defendants admit the first four elements of an FMLA prima facie cause of action.

    A.    Ms. Colon is an eligible employee

By signing the Form, the defendants admit that Ms. Colon was eligible for ". . . 12 weeks off . . . for maternity leave." Personal Action Form at 1.

    B.    Each defendant is her employer

The Form is entitled "Graf Repetti & Co. LLP/ Family Office Group, LLC" and is signed by a Managing Partner of both entities. <u>Id</u>.

    C.    Ms. Colon was entitled to maternity leave

By granting Ms. Colon ". . . 12 weeks off . . . for maternity leave", the defendants admit that Ms. Colon was entitled to such leave. <u>Id</u>.

    D.    Ms. Colon gave notice of her intent to take maternity leave

In signing the Form, the defendants admit that Ms. Colon either gave adequate notice, or that the defendants waived any objections to notice.

There is also no question that the defendants agreed that Ms. Colon would work part-time from home while on maternity leave. "Paola will work approximately 2 to 2 1/2 days per week <u>while out on maternity leave</u>." Personal Action Form at 1 (emphasis added). "Paola will

report in her hours . . . [t]he total hours worked will be calculated at the end of the maturity [sic] leave. . . . A maximum of 12 weeks off will be given for maternity leave." Id. (Emphasis added).

Based on the Personal Action Form, Ms. Colon is entitled to summary judgment on the first four elements of her FMLA claim.

### D. Ms. Colon states a cause of action under Title VII

> Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer to discriminate against its employees because of an employee's sex. 42 US.C. 2000e-2(a)(1). Gender discrimination includes discrimination because of pregnancy, childbirth, or related medical conditions. *See* 42 U.S.C. 2000e(k). Title VII provides that pregnant women "shall be treated the same for all employment related purposes." *Id*.

Green v. New York City Health and Hosp. Corp. Slip Copy, 2008 WL 144828*5 (S.D.N.Y. 2008).

To defeat a motion to dismiss brought under FRCP 12(b)(6), a plaintiff ". . . need only plead facts sufficient to support the conclusion that she was faced with "'harassment ... of such quality or quantity that a reasonable employee would find the conditions of her employment altered for the worse'". Patane v. Clark 508 F.3d 106, 113 (2d Cir. 2007).

Ms. Colon alleges: 1) that she was on maternity leave; 2) that the defendants attempted to force her to come in to work and leave her one month old child, and that she refused; 3) that the defendants fired her, and commenced a frivolous law suit, and illegally withheld her pay in retaliation for her refusal. Complaint at pars. 9-13. The defendants do not attempt to dispute that these elements constitute a Title VII claim.

As the defendants well know, their discriminatory firing of Ms. Colon took place in the context of a hostile work environment, including that a partner of the defendants for years conducting a pornography ring of distributing sexually explicit emails to employees. "This Court

has specifically recognized that the mere presence of pornography in a workplace can alter the 'status' of women therein and is relevant to assessing the objective hostility of the environment." Patane, supra at 114.  The existence of the defendants' hostile work environment will be offered to show the extent of actual and punitive damages.

## CONCLUSION

The defendants' motion to dismiss should be denied.  Ms. Colon should be granted summary judgment on the first four elements of her FMLA claim.

New York, New York
February 22, 2008

                                    **Roy A. McKenzie**
                                    **RAM 6670**
                                    Attorney for the plaintiff
                                    641 Lexington Avenue, 27th floor
                                    New York, New York 10022
                                    (212) 382-3696