UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAOLA B. COLON,

        Plaintiff,

  -against-

GRAF REPETTI & CO., LLP and
FAMILY OFFICE GROUP, LLC,

        Defendants.

**Civil Action**
**No.: 07-9572**

**Hon. Robert. P. Patterson, Jr.**

Return Date: March 7, 2008

---

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS
AND IN OPPOSITION TO PLAINTIFF'S REQUEST FOR SUMMARY JUDGMENT**

---

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
*Attorneys for Defendants*
*Graf Repetti & Co., LLP and Family Office Group, LLC*

OF COUNSEL
    David S. Sheiffer
    Susan K. Slim

3140265.1

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. iii

PRELIMINARY STATEMENT ............................................................................................. 1

ARGUMENT ......................................................................................................................... 1

   I.  Because FOG was Colon's Employer, This Complaint Must be Dismissed .......... 1

  II.  The State Court Orders Bar This Federal Action ................................................... 4

        A.  The Rooker-Feldman Doctrine .................................................................. 5

        B.  The Doctrine of Collateral Estoppel .......................................................... 6

 III.  Colon's FMLA Claim Must be Dismissed, Pursuant to Fed. R. Civ. P. 12(b)(6), and Her Request for Summary Judgment Denied ............................................... 8

 IV.  Colon Fails to State a Cause of Action under Title VII ........................................ 10

        A.  The Pregnancy Discrimination Act ........................................................... 11

        B.  Retaliation .................................................................................................. 12

        C.  Hostile Work Environment ....................................................................... 13

CONCLUSION ..................................................................................................................... 15

## TABLE OF AUTHORITIES

**Case**                                                                                                                **Page(s)**

*Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S. Ct. 2405 (2006) ...................... 12

*City of New York v. Welsbach Elec. Corp.*, 9 N.Y.3d 124, 848 N.Y.S.2d 551 (2007) ............... 6, 7

*Da Silva v. Kinsho Int. Corp.*, 229 F.3d 358 (2nd Cir. 2000) ...................................................... 1, 3, 10

*D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983) .................................................................. 5

*Delgado v. Triborough Bridge & Tunnel Auth.*, 485 F. Supp. 2d 453 (SDNY 2007) ................... 12

*Dimino v. N.Y.C. Transit Auth.*, 64 F. Supp. 2d 136 (EDNY 1999) ................................................ 12

*Faragher v. City of Boca Raton*, 524 U.S. 775, 118 S. Ct. 2275 (1998) ........................................ 13

*Fisher v. Vassar College*, 70 F.3d 1420 (2nd Cir. 1995) ................................................................. 12

*Geromanos v. Columbia University*, 322 F. Supp. 2d 420 (SDNY 2004) ..................................... 8, 9

*Harris v. Forklift Sys.*, 510 U.S. 17, 114 S. Ct. 367 (1993) ............................................................ 13

*Harris v. N.Y. State Dep't of Health*, 202 F. Supp. 2d 143 (SDNY 2002) ..................................... 5, 6

*Hishton v. King & Spalding*, 467 U.S. 69, 104 S. Ct. 2229 (1984) ................................................ 10

*Johnson v. A.P. Prods.*, 934 F. Supp. 625 (SDNY 1996) ................................................................ 10

*Karibian v. Columbia Univ.*, 14 F.3d 773 (2d Cir. 1994) ............................................................... 13

*Koppenal v. Nepera, Inc.*, 74 F. Supp. 2d 409 (SDNY 1999) ......................................................... 11

*Kotcher v. Rose & Sullivan Appliance Ctr.*, 957 F.2d 59 (2nd Cir. 1992) ...................................... 14

*McKithen v. Brown*, 481 F.3d 89 (2nd Cir. 2007) ............................................................................. 5

*Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 106 S. Ct. 2399 (1986) ...................................... 12

*Nemaizer v. Baker*, 793 F.2d 58 (2nd Cir. 1986) .............................................................................. 6

*O'Connor v. Davis*, 126 F.3d 112 (2nd Cir. 1999) ........................................................................... 3

*Patane v. Clark*, 508 F.3d 106 (2nd Cir. 2007) ............................................................................... 14

*Pesok v. Hebrew Union College-Jewish Inst. Of Religion*, 235 F. Supp. 2d 281 (2002) ................ 3

*Stoll v. Gottlieb*, 305 U.S. 165 (1938) ............................................................................................... 6

*Torres v. Pisano*, 116 F.3d 625 (2nd Cir. 1997) ............................................................................ 13

*Towley v. King Arthur Rings*, 40 N.Y.2d 129, 386 N.Y.S.2d 80 (1976) ......................................... 7

*U.S. v. Owens*, 54 F.3d 271 (6th Cir. 1995) .................................................................................. 5, 6

*Velez v. Novartis Pharms. Corp.*, 244 F.R.D. 243 (SDNY 2007) ................................................... 11

*Vos v. City of New York*, 234 A.D.2d 70, 650 N.Y.S.2d 234 (1st Dep't 1996) ................................ 7

*York v. Ass'n of the Bar*, 286 F.3d 122 (2nd Cir. 2002) ................................................................... 3

3140265.1

## PRELIMINARY STATEMENT

Defendants, Graf Repetti & Co., LLP ("GR&C") and Family Office Group, LLC ("FOG"; collectively "defendants"), respectfully submit this Reply Memorandum in further support of their motion for an Order dismissing the Complaint of plaintiff, Paola Colon ("Colon" or "plaintiff"): (a) pursuant to Fed. R Civ. P. 12(b) (1); and/or (b) pursuant to Fed. R. Civ. P. 12(b) (6). Although Colon seeks recovery under § 105(a) of the Family and Medical Leave Act ("FMLA") and § 703(a) (1) of the Civil Rights Act of 1964 ("Title VII"), so lacking in sufficiency is the Complaint that it "shows on its face that the element of statutory coverage is lacking" and is otherwise insufficiently pled. *Da Silva v. Kinsho Int. Corp.* 229 F.3d. 358, 366 (2nd Cir. 2000).

This Reply Memorandum is also submitted in opposition to Colon's "request," made for the first time in her opposition papers for, summary disposition of four of the five elements of her FMLA claim.[1] (Colon Opp. Mem. at p. 7).[2]

## ARGUMENT

**POINT I:** **BECAUSE FOG WAS COLON'S EMPLOYER, THIS COMPLAINT MUST BE DISMISSED**

In this pregnancy-based employment discrimination action, Colon ambiguously alleges that she is a "former employee of the defendants" in an obvious, albeit misguided, effort to find an "employer" subject to the FMLA and Title VII. (Slim Dec., Ex. "P" at p. 2, ¶6)[3]. Regardless of Colon's erroneous "belief" that FOG is "wholly owned" by GR&C, she does not even allege that either entity qualifies as an "employer" as defined by the FMLA or Title VII. (Slim Dec.,

---

[1] Reference to "Plaintiff's Memorandum of Law in Opposition to the Defendants' Motion to Dismiss," dated February 22, 2008, shall be made as (Colon Opp. Mem. at p. __ ).
[2] Given that Colon concedes that her claim under § 102(a) of Title I of the Americans with Disability Act of 1990 ("ADA") is without merit and should be dismissed, no further discussion on the ADA is warranted and this cause of action dismissed, with prejudice. (*See* Colon Opp. Mem. at p. 6, f.n. 3).
[3] Reference to the moving Declaration of Susan K. Slim, dated December 17, 2007, and the exhibits thereto, shall be hereafter made as (Slim Dec., Ex. "__" at p. __ , ¶__).

3140098.2

Ex. "P" at p.2, ¶6; Graf Aff. at p.2, ¶6). [4] Contrary to plaintiff's impression that FOG and GR&C are legally indistinguishable, they are "independent corporate business entities," with distinctive employees that provide different services to their respective clients, as has already been determined in the State Action. (Graf Aff. at p.2, ¶¶3-7) [5]

The state court further established that, between January 1, 2004 and November 17, 2006, "Colon worked *exclusively* for FOG and her duty of loyalty had been to said entity." (Slim Dec., Ex. "J" at p. 2). Yet, throughout Colon's employment with FOG, it had no more than five full time employees." (Graf Aff. at p.2, ¶3).

Given that FOG was Colon's exclusive employer and only had five employees, it does not even qualify as an "employer" subject to either the FMLA or Title VII. Under the FMLA, a covered employer is "any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year." 29 USCS § 2611 (4). Title VII, on the other hand, defines an employer as "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 USCS § 2000e(b).

Colon, therefore, has failed to even plead that FOG is a covered "employer" under the FMLA or Title VII. (*See, generally,* Slim Dec., Ex. "P"). Moreover, even absent incontrovertible evidence that FOG cannot be an "employer" subject to FMLA or Title VII, this Court has held that, even against an employer as defined under the FMLA, a "plaintiff [who] has

---

[4] Reference to the Affidavit of Peter Graf, sworn to on March 4, 2008, and attached to Reply Declaration of Susan K. Slim, dated March 7, 2008, as Exhibit "A" shall be made as (Graf. Aff. at p. __, ¶__).
[5] The two state court orders discussed herein as annexed to the moving Declaration of Susan Slim as Exhibits "J" and "O" and were issued in a parallel action pending in the Supreme Court of the State of New York, County of Westchester, entitled *Peter Graf, Nancy Kunak and Family Office Group, LLC v. Paola B. Colon,* filed under the Index Number 23329/06 ("State Action").

2

not alleged any facts with regard to this issue...has...failed to meet his burden of proof on this essential element of his claim." *Pesok v. Hebrew Union College-Jewish Inst. of Religion*, 235 F. Supp. 2d 281, 289-290 (2002). The Second Circuit has also held that if "a complaint alleged fewer than fifteen employees, the complaint would be subject to dismissal under *Rule 12(b)(6)* for failure to state a claim, or under *Rule 12(b)(1)* if the pleading were deemed so demonstrably without substance as not even to invoke jurisdiction under Title VII." *Da Silva*, 229 F.3d. at 366, f.n. 9. Since Colon failed to plead that either FOG or GR&C are "employers" under the provisions of the FMLA or Title VII, this action must be dismissed.

Further, as GR&C was not, at any relevant time hereto, Colon's employer, it, too, must be dismissed from this employment discrimination action, as during the time in dispute she was not even paid by GR&C. (Graf Aff. at p. 2, ¶¶ 5-7), The Second Circuit Court of Appeals has held that, "whether someone is or is not an employee under Title VII usually turns on whether he or she has received direct or indirect remuneration from the alleged employer." *York v. Ass'n of the Bar*, 286 F.3d 122, 125 (2nd Cir. 2002) (citations omitted). It is equally well-established that:

> Where no financial benefit is obtained by the purported employee from the employer, no plausible employment relationship of any sort can be said to exist because although compensation by the putative employer to the putative employee in exchange for [her] services is not a sufficient condition,...it is an essential condition the existence of an employer-employee relationship. *O'Connor v. Davis*, 126 F.3d 112, 115-116 (2nd Cir. 1999) (internal citations omitted).

Factors indicative of "financial benefit" include "salary or other wages; employee benefits, such as health insurance; vacation; sick pay; or the promise of any of the foregoing." *York*, 286 F.3d at 126. FOG, not GR&C, paid Colon's salary.[6] (*See* Slim Reply Dec., Ex. "B"). Further, the "Firm Handbook" that governed the terms, conditions and benefits of Colon's

---

[6] Reference to the Reply Declaration of Susan K. Slim, dated March 7, 2008, shall be made as (Slim Reply Dec., Ex."__").

3

employment was plainly designated "Family Office Group, LLC Firm Handbook." (*See* Slim Dec., Ex. "C"). Colon was, therefore, undisputedly and exclusively a FOG employee, an entity that does not satisfy the threshold requirements of an "employer" under either the FMLA or Title VII.

**POINT II:   THE STATE COURT ORDERS BAR THIS FEDERAL ACTION**

Colon's argument that this action is not barred by either the Rooker-Feldman or collateral estoppel doctrines overlooks the fact that Colon has failed to appeal two state court orders that conclusively determined: (1) FOG, not GR&C, was plaintiff's *exclusive* employer; and (2) plaintiff's allegations of discrimination under the FMLA were not actionable because plaintiff neither sought nor was denied unpaid FMLA leave. (Slim Dec., Ex. "J" at p. 2; Slim Dec., Ex. "O" at pp. 1-2). Because Colon has already raised her federal FMLA claim in state court, she is not now entitled to challenge that decision before this Article III Court.

Indeed, Colon's contention that the Motion to Dismiss the State Action against her for the "failure [of the plaintiffs therein] to join an indispensable party," GR&C, which was denied by the state court, does not qualify as an adjudication is absurd. (Colon Opp. Mem. at pp.2-4). While the state court granted plaintiff leave to *implead* GR&C, it emphasized that Colon's "contention that…GR&C…really 'controls' this litigation is irrelevant" because GR&C was not her employer and, thus, not an indispensable party. (Slim Dec., Ex. "J" at p. 2). The state court likewise dismissed Colon's counterclaim, noting that she "not only has failed to state a viable cause of action under the Family Medical Leave Act, but that *the documentary evidence supports the finding that no such claim exists.*" (Slim Dec., Ex. "O" at pp. 1-2; emphasis added.). Colon's argument, then, that there has been no final adjudication because she had "voluntarily…withdrawn the counterclaim" by her failure to oppose the motion to dismiss it

4

simply does not avoid the preclusive effect of the Rooker Feldman doctrine. (Colon Opp. Mem. at p. 4; *see also* Slim Dec., Ex. "O").

### A. The Rooker-Feldman Doctrine

Colon's contention that the Rooker-Feldman Doctrine does not apply because there was no "judgment" in the State Action demonstrates, at best, a fundamental misapprehension of this principle. (Colon Opp. Mem. at p. 5). Indeed, the only decision to which Colon cites in support of her contention refutes her argument:

> [Plaintiff] claims that the federal courts do not have jurisdiction to hear this case under the *Rooker-Feldman* doctrine. That doctrine, a combination of the abstention and *res judicata* doctrines, stands for the proposition that a federal district court may not hear an appeal of a case already litigated in state court. A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States. *U.S. v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) (citations omitted).

Colon, having raised a federal question under the FMLA in state court, is bound, under *Owens*, to exhaust her state appellate rights, with any federal appellate right lying before the United States Supreme Court alone. Since Colon has never appealed the adverse decisions of the state court,[7] she is also plainly the "state court loser" to which Rooker-Feldman is intended to apply. *See McKithen v. Brown*, 481 F.3d 89, 97 (2nd Cir. 2007). As was held in *Harris v. N.Y. State Dep't of Health*, 202 F. Supp. 2d 143, 159 (SDNY 2002):

> [T]he Supreme Court expressly declared as ground for its holding that to the extent plaintiffs had sought appellate review in federal district court of a determination by a state court, "the District Court lacked subject matter jurisdiction over the complaints." *Citing, D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983).

Rooker-Feldman, therefore, bars this Court from review of any state court "determination" given the absence of subject matter jurisdiction. Further, "[u]nder Second

---

[7] It should be noted that in both the State Action and in this litigation Colon has been at all times represented by the same counsel.

Circuit precedent, the *Rooker-Feldman* principle may bar assertion in federal court not only of issues and claims actually presented in state court but, under certain circumstances, of those that could have been raised" *Harris*, 202 F. Supp. 2d at 169. Here, Colon actually raised her FMLA claim in the State Action and, therefore, had the opportunity to raise her related Title VII and other employment discrimination claims. Given Colon's obligation to "appeal a state court decision through the state system and then directly to the Supreme Court of the United States," her failure to take full advantage of the forum she initially *elected* precludes her from now pursuing the same claims before this Court. *Owens*, 54 F.3d at 274.

### B. The Doctrine of Collateral Estoppel

Collateral estoppel similarly bars Colon's federal action, since a valid state court decision, which she failed to appeal, established that GR&C was not Colon's employer. (Slim Dec., Ex. "J" at p. 2). Contrary to Colon's argument that "a court's opinion has no collateral estoppel effect," collateral estoppel will preclude an action if "the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the plaintiff had a full and fair opportunity to litigate the issue in the earlier action." (Colon Opp. Mem. at p. 5). *City of New York v. Welsbach Elec. Corp.*, 9 N.Y.3d 124, 127, 848 N.Y.S.2d 551 (2007).

Moreover, collateral estoppel presumes the exercise of the court's subject matter jurisdiction—which does not exist here—to review so much of the merits of a particular action as would allow a substantive determination of the issues or claims that may have been resolved in a prior proceeding. *See Stoll v. Gottlieb*, 305 U.S. 165, 171-72 (1938); *Nemaizer v. Baker*, 793 F.2d 58, 65 (2d Cir. 1986).

Given Colon's failure to appeal the state court orders and the finality thereof, the authority Colon cites to avoid collateral estoppel is readily distinguishable on the facts. For example, in *Welsbach*, New York's highest court held that a prior tort action did not bar a later suit for contribution and indemnity arising from the same automobile collision *only* because the "issue was never a part of the [prior] action" and, thus, collateral estoppel did not bar the City's subsequent state action for contribution and/or indemnity. *Welsbach*, 9 N.Y.3d at 128. Yet, here, the question of whether FOG was Colon's exclusive employer has been conclusively determined in the State Action. (Slim Dec., Ex. "J" at p. 2).

Colon also mistakenly relies upon *Vos v. City of New York*, 234 A.D.2d 70, 650 N.Y.S.2d 234 (1st Dep't 1996). In *Vos*, it was dispositive that the record did not "contain either a copy of an entered judgment or conclusive proof that a judgment was ever entered in that action." *Vos*, 234 A.D.2d at 70. In contrast, the record before *this* Court reflects two orders resolving issues against Colon that she now seeks to re-litigate, but which she has not appealed in the State Action. (*See* Slim Dec., Ex. "J"; *see also* Slim Dec., Ex. "O"). The *Vos* opinion, in fact, underscores New York law that a "judgment" is not merely some mechanical device, but rather "the determination of the rights and parties in an action or special proceeding [that] may be *either interlocutory or final.*" CPLR § 5011 (emphasis added).

Finally, Colon's contention that "a court's opinion has no collateral estoppel effect" because "[o]nly what a court adjudicates, not what it says in an opinion...has any direct legal effect" is at best, mistaken. (Colon Opp. Mem. at p. 5, *citing, Towley v. King Arthur Rings*, 40 N.Y.2d 129, 132, 386 N.Y.S.2d 80 (1976):

> The court's opinion is a statement of the reasons on which the judgment rests. Since it is only what a court adjudicates, not what it says in an opinion, that has any direct legal effect, a judgment of the court controls over an opinion and, *if they are at variance*, the

7

> former prevails and determines the rights of the parties. *Towley*, 40 N.Y.2d at 132-133 (emphasis added).

Since there is no variance between the two, final state court opinions from which Colon now seeks to undermine, her argument that the state orders, "coming well before a final judgment, have no collateral estoppel effect," is simply wrong. (Colon Opp. Mem. at p. 6).

**POINT III:** **COLON'S FMLA CLAIM MUST BE DISMISSED, PURSUANT TO FED. R. CIV. P. 12(B)(6) AND HER REQUEST FOR SUMMARY JUDGMENT DENIED**

Colon's "request" for summary judgment on her FMLA claim finds no support in either fact or law, and her complaint as pled does not even support a *prima facie* cause of action. In *Geromanos v. Columbia University*, 322 F. Supp. 2d 420, 427 (SDNY 2004), this Court summarized the five elements necessary to sustain even a *prima facie* case under the FMLA:

> To make out a prima facie case on a claim for interference with FMLA rights under 29 U.S.C. § 2615(a)(1), a plaintiff must establish five elements: 1) that she is an eligible employee under the FMLA; 2) that defendant is an employer as defined in FMLA; 3) that she was entitled to leave under FMLA; 4) that she gave notice to the defendant of her intention to take leave; and 5) that she was denied benefits to which she was entitled under FMLA.

The complaint here is barren of any allegation that FOG, much less GR&C, is a qualified employer under the FMLA, and no allegation is even raised that Colon gave notice of her intention to take FMLA leave. Colon's argument that the use of the phrase "maternity leave" on her Personal Action Form is hardly dispositive of her intention to invoke the FMLA, if that statue even applies, particularly in light of the fact the state court has already held that no viable FMLA claim exists. (*See* Slim Dec., Ex. "O"). To the contrary, documentary evidence makes clear that, rather than seeking unpaid maternity leave under the FMLA or otherwise, Colon sought to continue working at home during this time. (*See* Slim Dec., Ex. "B"). For this reason alone, Colon's FMLA claim should be dismissed.

8

Contrary to Colon's contention, the Personal Action Form ("Form") does not "constitute an admission of *most* of the elements of Ms. Colon's FMLA claim," nor should "summary judgment be granted" based on that Form alone. (Colon Opp. Mem. at p. 7; s*ee also* Slim Dec., Ex. "B"). Even a cursory glance reveals that the Form does not indicate it is "signed by a Managing Partner of both defendants," as counsel speculates. (Colon Opp. Mem. at p. 7). Rather, it bears only one signature and evidences that Colon continued to work part time. (*See* Slim Dec., Ex. "B"). Since Colon offers no evidence in admissible form to support her alleged entitlement to summary judgment, and as FOG alone is her employer, the FMLA claim should be dismissed.

In fact, it is undisputed that Colon *declined* FOG's offer to provide unpaid maternity leave and, as such, declined any rights under FMLA, even if that statute were applicable to FOG. (*See* Colon Opp. Mem. at p. 8). It is also undisputed that plaintiff communicated her intent to work "part-time from home while on maternity leave." (Colon Opp. Mem. at p. 8; *see also* Slim Dec., Ex. "A" at p.2, ¶¶5-7). Even if Colon somehow had rights under FMLA, which is not the case, the statute does not require an employer "to give plaintiff *paid* leave, so [an employer is] free to impose conditions…as a condition of providing…unpaid leave." *Geromanos*, 322 F. Supp. 2d at 432. Colon continued to work from home as she was required, but failed to abide by the same rules as she would have had she continued to work at FOG's office. (*See* Slim Dec., Ex. "C"). Accordingly, Colon was terminated for valid, non-discriminatory reasons, wholly unrelated to her status as a woman or mother, as evidenced by the affidavit of Peter Graf. (Graf Aff. at pp.2-3, ¶¶9a-9d).

Point IV:      <u>Colon Fails to State a Cause of Action under Title VII</u>

Even aside from the fact FOG is not an "employer" subject to Title VII, Colon fails to address defendants' substantive arguments made in support of their motion, as, essentially, Colon only contends that "defendants do not attempt to dispute that [the] elements [plead in ¶¶ 9-13 of her Complaint] constitute a Title VII claim." (Colon Opp. Mem. at 9; *see* Slim Mem. at 17-21).[8]

Even under the lenient standard under which courts evaluate a motion pursuant to Fed. R. Civ. P. 12(b)(6), it is clear that "[a] plaintiff must…allege facts that taken as true constitute a claim." *Johnson v. A.P. Prods.*, 934 F. Supp. 625, 626 (SDNY 1996). Where, as is the case herein, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," dismissal is not only proper, but just. *Hishton v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229 (1984).

Given that Colon fails to allege that FOG, nor GR&C for that matter, has more than fifteen employees as is necessary to be an "employer" under Title VII, the Second Circuit's admonishment in *Da Silva* should be heeded:

> If, for example, a complaint alleged fewer than fifteen employees, the complaint would be subject to dismissal under *Rule 12(b)(6)* for failure to state a claim, or under *12(b)(1)* if the pleading were deemed so demonstrably without substance as to not even invoke jurisdiction under Title VII. *Da Silva*, 229 F.3d 366 at n.9.

Since the complaint here is barren of even a single allegation that FOG or GR&C qualify as an employer under Title VII, much less that either has the requisite number of employees, Colon's Title VII action should be dismissed. More importantly, defendants certainly *did not* concede that Colon any of the purported "elements constitute a Title VII claim," given the

---

[8] References to the Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiff Verified Complaint, submitted by Susan K. Slim and dated December 17, 2007, shall be hereafter made as (Slim Mem. at p. __ ).

10

plethora of competent evidence before this Court to the contrary. (Colon Opp. Mem. at p. 9; *see* Slim Mem. at pp.17-21).

A.   **The Pregnancy Discrimination Act**

In Colon's opposition papers, she, for the first time, contends that she was discriminated against in violation of The Pregnancy Discrimination Act of 1978 ("PDA"). (*See* Colon Opp. Mem. at p. 9). Under the PDA, Title VII's prohibition on gender discrimination includes discrimination on the basis of "pregnancy, childbirth or related medical conditions" and requires that women so "affected…be treated the same for all employment-related purposes." 42 U.S.C. § 2000(e)(k). A *prima facie* case of pregnancy discrimination, however, requires that Colon establish that: "(1) she is a member of a protected class; (2) she satisfactorily performed the duties required by the position; (3) she was discharged; and (4) her position remained open and was ultimately filled by a non-pregnant employee." *Koppenal v. Nepera, Inc.*, 74 F. Supp. 2d 409, 412 (SDNY 1999). Alternatively, the fourth element may be satisfied if a plaintiff can establish that the "discharge occurred in circumstances giving rise to an inference of unlawful discrimination." *Koppenal*, 74 F. Supp. 2d at 412.

Courts have also consistently held that "the PDA does not require the creation of special programs for pregnant women; nor does it mandate any special treatment." *Velez v. Novartis Pharms. Corp.*, 244 F.R.D. 243, 264 (SDNY 2007). On the contrary, the PDA "specifically requires that pregnant women be treated the same as all other employees with similar disabilities." *Velez*, 244 F.R.D. at 264, citing *Dimino v. N.Y.C. Transit Auth.*, 64 F. Supp. 2d 136, 157 (EDNY 1999). In fact, the Second Circuit has held that a policy that "discriminate[s] between those employees who take off long periods of time in order to raise children and those who either do not have children or are able to raise them without an appreciable career

11

interruption...is not inherently sex specific and does not give rise to a claim under Title VII." *Fisher v. Vassar College*, 70 F.3d 1420, 1448 (2nd Cir. 1995).

Needless to say, Colon's employment at FOG was not terminated as a result of her pregnancy, but for a litany of legitimate, non-discriminatory reasons. Plaintiff's *actions*, not her condition, caused FOG to terminate her employment and, as such, any claim under the PDA cannot be sustained as a matter of law.

### B.    Retaliation

Title VII prohibits an employer from retaliating against an employee because she "has opposed any practice made an unlawful employment practice by [the statute]." 42 USCS § 2000e-3(a). To make a *prima facie* showing of retaliation, plaintiff must demonstrate that: "(1) she was engaged in an activity protected under Title VII; (2) the employer was aware of her participation in the protected activity; (3) the employer took adverse action against her; and (4) a causal connection existed between her protected activity and the adverse action taken by the employer." *Delgado v. Triborough Bridge & Tunnel Auth.*, 485 F. Supp. 2d 453, 461 (SDNY 2007). Again, plaintiff fails to plead a single element of this cause of action.

Title VII's retaliation provision "forbids employer actions that 'discriminate against' an employee (or job applicant) because he has 'opposed' a practice that Title VII forbids or has 'made a charge, testified, assisted, or participated in' a Title VII 'investigation, proceeding, or hearing.'" *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S. Ct. 2405, 2410, (2006), *citing* 42 U.S.C. § 2000e-3(a). Again, none of these requirements are pled.

Should this Court nonetheless consider plaintiff's contrived claims of retaliation, Colon's allegation is only "supported" by the following "facts": "(1) that she was on maternity leave; (2) that the defendants attempted to force her to come in to work and leave her one month old child,

and that she refused; 3) that the defendants fired her, and commenced a frivolous lawsuit, and *illegally withheld her pay in retaliation for her refusal.*" [Colon Opp. Mem. at p. 9 (emphasis added)]. Yet, these "facts" do not constitute a pleading that Colon was a victim of retaliation for having engaged in protected activity, nor do they contradict that she was fired for legitimate, non-discriminatory reasons. *(See* Slim Dec., Ex. "A").

In fact, the State Action against Colon was filed *after* her termination and *before* she had ever raised any allegation of discriminatory treatment. Since Colon *never* made any internal complaint to anyone at FOG that she was the victim of discrimination, nor is it even alleged that she did so, her contention that she was retaliated against is but a red-herring designed to confuse at best.

### C. Hostile Work Environment

To sustain a hostile work environment claim, plaintiff must allege that FOG's conduct was "sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive work environment." *Harris v. Forklift Sys.*, 510 U.S. 17, 21, 114 S. Ct. 367 (1993), *quoting, Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67, 106 S. Ct. 2399 (1986). To properly assess an allegation of a hostile or abusive work environment, lower courts look to the totality of the circumstances, such as "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Faragher v. City of Boca Raton*, 524 U.S. 775, 787-88, 118 S. Ct. 2275 (1998) (internal citations omitted).

Further, "a plaintiff seeking to recover from an employer for hostile work environment must demonstrate some specific basis to hold the employer liable for the conduct of its employees." *Torres v. Pisano*, 116 F.3d 625, 633 (2nd Cir. 1997); *see also Karibian v. Columbia*

*Univ.*, 14 F.3d 773, 779 (2d Cir. 1994). For example, an employer may be held liable where it "either provided no reasonable avenue for complaint or knew of the harassment but did nothing about it." *Kotcher v. Rose & Sullivan Appliance Ctr.*, 957 F. 2d 59, 63 (2nd Cir. 1992). As elaborated in grueling detail in defendants' moving papers, FOG has an expansive anti-discrimination policy permitting its employees to report *any* incident interpreted as offensive, without fear of reprisal or retribution. (*See* Slim Mem. at pp. 19-20; *see also* Slim Dec., Ex. "C" at p. 7; *see also* Slim Dec., Ex. "C1-C4" ) Plaintiff's failure to allege that she so much as availed herself of any potential means to remedy the allegedly hostile work environment in which she worked renders this baseless contention naked of any foundation whatsoever.

Colon's likewise neglects to substantiate her conclusory allegation that defendants' "discriminatory firing…took place in the context of a hostile work environment." (Colon Opp. Mem. at p. 9). Further, her allusion to a workplace "pornography ring" borders on defamation, particularly since Colon merely promises that "[t]he existence of the defendants' hostile work environment will be offered," but fails to do so now. (Colon Opp. Mem. at p. 9).

Colon deems it sufficient only to insinuate that the "hostility" arose out of "sexually explicit emails." (Colon Opp. Mem. at 9). Fortunately, "in assessing the legal sufficiency of a claim," pursuant to Fed. R. Civ. P. 12(b)(6), "the court may consider those facts alleged in the complaint, as well as documents that the plaintiffs either possessed or knew about and upon which they relied in bringing suit." *Patane v. Clark*, 508 F.3d 106, 112 (2nd Cir. 2007) (internal citations omitted). Yet, if sexually explicit emails create a hostile work environment, it is curious that Colon never disclosed that she participated in the "pornography ring" she suddenly finds offensive. (*See* Graf Aff at p. 3, ¶10, Ex. 1).

14

## CONCLUSION

For the foregoing reasons, defendants Graf Repetti & Co., LLP and Family Office Group, LLC respectfully submit that plaintiff's motion for summary judgment on four of the five elements of the Family and Medial Leave Act be denied in its entirety, that their motion to dismiss the complaint be granted in its entirety under Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6), or, in the alternative, that defendant Graf Repetti & Co. and the Family and Medical Leave Act cause of action be dismissed, together with such other and further relief as this Court deems just and proper.

Dated:   New York, New York
         March 7, 2008

                             Respectfully submitted,

                     WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

                     By: _____
                         Susan K. Slim (SKS-3785)
                         *Attorneys for Defendants*
                         **Graf Repetti & Co., LLP** *and*
                         **Family Office Group, LLC**
                         150 East 42nd Street
                         New York, New York 10017-5639
                         (212) 490-3000
                         File No. 09348.00059

Of Counsel:
David S. Sheiffer (DSS-4198)

3140098.2

## CERTIFICATE OF SERVICE

The undersigned, a member in good standing of the bar of this Court, hereby certifies that on March 7, 2008, she served a true and correct copy of the Declaration of Susan K. Slim, dated March 7, 2008, and accompanying Reply Memorandum on:

>Roy A. McKenzie, Esq.
>*Attorneys for Plaintiff*
>641 Lexington Avenue, 20th Floor
>New York, NY 10002

Via Federal Express and that the original of the within pleadings were sent electronically to the Clerk of the United States District Court, Southern District of New York, on this same date, along with a courtesy copy Via Federal Express.

By: _____
Susan K. Slim (SKS-3785)
*Attorneys for Defendants*
**Graf Repetti & Co., LLP** *and*
**Family Office Group, LLC**
150 East 42nd Street
New York, New York 10017-5639
(212) 490-3000
File No. 09348.00059

3145153.1